# In re Fabricio ALCANTARA-PEREZ, Respondent

File A74 105 213 - San Diego

*Decided February 23, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  When the Board of Immigration Appeals has remanded the record for completion of background and security checks and new information that may affect the alien's eligibility for relief is revealed, the Immigration Judge has discretion to determine whether to conduct an additional hearing to consider the new evidence before entering an order granting or denying relief.

(2) When a proceeding is remanded for background and security checks, but no new information is presented as a result of those checks, the Immigration Judge should enter an order granting relief.

FOR RESPONDENT: K. Kerry Yianilos, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jonathan Grant, Assistant Chief Counsel

BEFORE: Board Panel: OSUNA, Acting Vice Chairman.  COLE and FILPPU, Board Members.

OSUNA, Acting Vice Chairman:

This case was last before us on April 13, 2005, when we dismissed an appeal by the Department of Homeland Security ("DHS") from a decision of an Immigration Judge dated December 1, 2003, finding that the respondent established eligibility for adjustment of status.  We remanded the record for the appropriate background and security checks and for the entry of an order by the Immigration Judge.

On remand, the background checks revealed that during the pendency of the appeal, the respondent had been convicted of a domestic violence crime against his wife, who was the petitioner of an immediate relative visa petition filed on his behalf, and that an active order of protection restraining him from

having any contact with his wife was in effect. Presented with this new evidence, the Immigration Judge certified the case to us for guidance on how to proceed.[1] The record will be remanded to the Immigration Judge.

## I. RELEVANT LAW

Effective April 1, 2005, interim rules were issued requiring background and security investigations when the granting of any form of immigration relief in immigration proceedings would permit the alien to reside in the United States. Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals, 70 Fed. Reg. 4743, 4753 (Jan. 31, 2005) (to be codified at 8 C.F.R. §§ 1003.47(a), (b)). Accordingly, if the appropriate background checks have not been conducted in a case pending before the Board, we are not "able to issue a final decision granting any application for relief that is subject to the provisions of § 1003.47, because the record is not yet complete." 70 Fed. Reg. at 4748 (Supplementary Information); *see also id.* at 4752-53 (to be codified at 8 C.F.R. § 1003.1(d)(6)).

When background checks are required, 8 C.F.R. § 1003.1(d)(6)(ii) provides that the Board will determine the best means to facilitate the final disposition of the case, either by issuing an order remanding the case with instructions to allow the DHS to complete the appropriate background and security checks, or by providing notice to both parties that the case is being placed on hold until the checks have been completed and the results have been reported to the Board. For cases that were pending at the Board before the regulation took effect on April 1, 2005, the regulations contemplate that after consideration of the issues on appeal, the Board will remand to the Immigration Judge those cases in which the alien is found eligible for relief from removal, with instructions to allow the DHS to complete the background checks and report the results to the Immigration Judge. 70 Fed. Reg. at 4748 (Supplementary Information).

According to 8 C.F.R. § 1003.47(h), in any case remanded by the Board pursuant to 8 C.F.R. § 1003.1(d)(6), the Immigration Judge is required to consider the results of the background checks. The regulation further provides that "[i]f new information is presented, the immigration judge may hold a further hearing if necessary to consider any legal or factual issues, including issues relating to credibility, if relevant" and "shall then enter an order granting or denying the immigration relief sought." 8 C.F.R. § 1003.47(h). After the Immigration Judge enters an order granting or

---

[1] To consider questions of administrative importance involving procedures to be followed under the new background check regulations, we will consider this matter by certification pursuant to 8 C.F.R. § 1003.1(c) (2005).

denying relief based on the new evidence, the parties have the right to appeal the decision for the Board's review. *See* 70 Fed. Reg. at 4748 (Supplementary Information).

## II.  ANALYSIS

In the instant case, our April 13, 2005, order was not a final decision because the appropriate background checks had not been conducted. 8 C.F.R. § 1003.1(d)(6). On remand, the background checks revealed new information indicating that the respondent had been convicted of another domestic violence offense against his wife and that there was an outstanding protective order restraining the respondent from contacting her.  This information is relevant to the respondent's eligibility for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2000), and, in particular, the exercise of discretion, because the respondent's wife was the petitioner of his immediate relative visa petition and the reason why he is eligible to adjust his status.

Our April 13, 2005, decision affirming the Immigration Judge's grant of adjustment of status in this case was based on the record as it existed at that time.  However, in cases where background checks identify new information relevant to the proceedings, the interim regulations require the Immigration Judge to consider this additional evidence and then issue a decision granting or denying relief. 8 C.F.R. § 1003.47(h).  Therefore, because the background checks in this case revealed new information relevant to the original grant of relief to the respondent, the Immigration Judge is now permitted to examine the case in a different light.

There is no set formula by which an Immigration Judge should proceed on remand if the background checks reveal new pertinent information. When the background checks identify such information on remand, however, an additional hearing will often be necessary before the Immigration Judge enters a new decision.  We leave the determination whether to conduct an additional hearing to the discretion of the Immigration Judge but note that any arguments and objections of the parties in this regard should be considered.

Because the interim regulations are recently promulgated, we also take this opportunity to offer guidance as to how Immigration Judges should proceed when the background checks do *not* reveal additional relevant information on remand.  *See Matter of S-H-*, 23 I&N Dec. 462 (BIA 2002) (giving guidance regarding our authority to review findings of fact after new regulations became effective).

We do not view the interim regulations as providing an opportunity for the parties to relitigate issues that were previously considered and decided.  Our decision to remand a case for the completion of background checks is made only when we have reviewed the record and the appellate arguments and we have determined that the respondent is eligible for the relief requested and

merits such relief as a matter of discretion. In such instances, we would issue an order granting relief, but for the background check requirements. Therefore, when a proceeding is remanded for background checks, but no new information is presented as a result of those checks, the interim regulations contemplate that the Immigration Judge will enter an order granting relief.[2] That order then becomes the final administrative order in the case.

## III. CONCLUSION

In the present case, the background checks revealed new information that must be considered in determining whether the respondent is eligible for adjustment of status and whether he merits such relief as a matter of discretion. Accordingly, we will remand the record to the Immigration Judge for further proceedings to consider the new evidence revealed during the background checks, and for the entry of a new order.

**ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion.

---

[2] We note that 8 C.F.R. § 1003.47(i) requires that a decision granting relief must include advice to the respondent to contact the DHS for the preparation of documents evidencing such relief.