**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AURORA CARLOS-BLAZA,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,

                    *Respondent.*

No. 07-70632

Agency No.
A040-317-082

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 8, 2009—San Francisco, California

Filed June 30, 2010

Before: Diarmuid F. O'Scannlain, Johnnie B. Rawlinson, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## COUNSEL

Sin Yen Ling, San Francisco, California, for petitioner Carlos Blaza.

James Arthur Hunolt, Senior Litigation Counsel, United States Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Department of Homeland Security, San Francisco, California, Aviva Poczter, Senior Litigation Counsel, United States Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for respondent Eric Holder.

## OPINION

BEA, Circuit Judge:

We are called on to decide whether a bank employee who "knowingly stole, embezzled, and misapplied moneys" in the

amount of $65,000 committed a crime that "involves fraud or deceit." Unsurprisingly, we answer that question "yes."

Aurora Carlos-Blaza, a native and citizen of the Philippines and legal permanent resident of the United States, appeals from the Immigration Judge's ("IJ's") order removing her from the United States as an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). The IJ entered the order on remand from the Board of Immigration Appeals ("BIA") after the BIA decided that Carlos-Blaza's guilty plea to stealing, embezzling, and misapplying $65,000 of bank funds in violation of 18 U.S.C. § 656 qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), which defines an aggravated felony as "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." In this appeal, Carlos-Blaza contends the BIA erred when it decided she was an aggravated felon because her offense did not involve fraud or deceit. Because Carlos-Blaza pleaded guilty to knowing misapplication of funds, and the knowing misapplication of funds necessarily involves fraud, we hold that she was convicted of an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(M)(i). Therefore, we deny Carlos-Blaza's petition for review.

## Factual and Procedural Background

Aurora Carlos-Blaza entered the United States as the child of a lawful permanent resident on December 21, 1985. From 2000 to 2003, she worked as a Financial Services Representative for Bank of the Sierra in Fresno, California. On April 18, 2005, Carlos-Blaza entered a plea agreement in the United States District Court for the Eastern District of California in which she stipulated that, as a Bank of the Sierra employee, she "knowingly stole, embezzled, and misapplied moneys" in violation of 18 U.S.C. § 656 when she "obtained numerous

lines of credit and/or increases in the amounts of lines of credit" that resulted in approximately $65,000 of loss to the bank.[1]

Section 656 provides:

> Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, depository institution holding company, national bank, insured bank . . . *embezzles, abstracts, purloins or willfully misapplies* any of the moneys, funds or credits of such bank, branch, agency, or organization or holding company or any moneys, funds, assets or securities intrusted to the custody or care of such bank, branch, agency, or organization, or holding company or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both; but if the amount embezzled,

---

[1]The record does not reveal any further detail about just how Carlos-Blaza accomplished the crime. Her plea agreement contains the following stipulation:

> Between on or about November 7, 2000, to on or about November 18, 2003, in Fresno County, within the State and Eastern District of California, and elsewhere, *the defendant knowingly stole, embezzled, and misapplied moneys, funds, or credits* that belonged to a financial institution or which were intrusted to the custody or care of a financial institution. Specifically, the defendant obtained numerous lines of credit and/or increases in the amounts of lines of credit. As of February 1, 2005, the amount of loss to the victims in this case is approximately $65,000.

> At all relevant times herein, defendant was employed as a Financial Services Representative employed by branches of the Bank of the Sierra which were located in Dinuba, California and Fresno, California. At all relevant times herein, Bank of the Sierra was a financial institution with funds and/or deposits that were insured by the Federal Deposit Insurance Corporation.

ER 99 (emphasis added).

abstracted, purloined or misapplied does not exceed $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 656 (emphasis added). The elements of a § 656 violation are: (1) the defendant was an employee (2) of a federally connected bank (3) who embezzled, abstracted, purloined or willfully misapplied the bank's funds (4) with the intent to injure or defraud the bank.[2] *United States v. Wolfswinkel*, 44 F.3d 782, 786 (9th Cir. 1995).

As provided in her plea agreement, Carlos-Blaza was sentenced to eleven months' imprisonment, sentenced to sixty months' supervised release, and ordered to pay restitution of $65,000 to Bank of the Sierra.[3]

In May 2006, the United States served Carlos-Blaza with a Notice to Appear which stated that, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), she was subject to removal for conviction of an aggravated felony.

In July 2006, the IJ granted Carlos-Blaza's Motion to Terminate Removal Proceedings, finding that Carlos-Blaza's conviction under § 656 did not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i) because it was not an

---

[2]The "intent to injure or defraud" element is not contained in the text of § 656. Section 656 expressly stated an "intent to injure or defraud" element until, in a 1948 revision, Congress apparently inadvertently omitted that language. *Ramirez v. United States*, 318 F.2d 155, 157-58 (9th Cir. 1963). "Despite the omission of these words from the text of section 656, it is clear that 'an intent to injure or defraud' remains an essential element of any crime under that statute and accordingly must be proved." *Id.* at 158.

[3]Had Carlos-Blaza been sentenced to twelve months rather than eleven, her conviction would render her deportable regardless whether it involved fraud or deceit. Included in 8 U.S.C. § 1101(a)(43)'s definition of aggravated felony are "theft offense[s] . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G).

offense involving fraud or deceit. The government appealed to the BIA.

The BIA reversed and remanded, finding that Carlos-Blaza's conviction *did* qualify as an offense involving fraud or deceit. Pursuant to the BIA's instructions, the IJ ordered Carlos-Blaza removed from the United States. Carlos-Blaza timely appealed to this court.[4] Carlos-Blaza contends the BIA erroneously concluded that her conviction under 18 U.S.C. § 656 involved fraud or deceit.

## Jurisdiction and Standard of Review

This court has jurisdiction under 8 U.S.C. § 1252. This court reviews de novo whether a particular conviction qualifies as an aggravated felony.[5] *Li v. Ashcroft*, 389 F.3d 892, 895 (9th Cir. 2004).

## Analysis

The only issue on appeal is whether Carlos-Blaza's conviction under § 656 constitutes an "offense that involves fraud or

---

[4]An appeal to the BIA for the second time was unnecessary because the BIA decision to reverse and remand was final and the remand was non-substantive. *See Castrejon-Garcia v. INS*, 60 F.3d 1359, 1361-62 (9th Cir. 1995).

[5]The government contends this court owes substantial deference to the BIA's decision under *Chevron, U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Because this court owes *Chevron* deference only to BIA interpretations of ambiguous immigration statutes and regulations, and because this case does not require the interpretation of an immigration statute but of a garden variety property theft statute (18 U.S.C. § 656), we owe no such deference to the BIA's decision. *See Singh v. Ashcroft*, 386 F.3d 1228, 1230-31 (9th Cir. 2004) (holding that *Chevron* deference did not apply to the interpretation of whether an immigrant's conviction under Oregon's harassment law was a "crime of domestic violence" that rendered him removable under 8 U.S.C. § 1227(a)(2)(E)(i)).

deceit" and, therefore, an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i).[6]

(A)    *The* Taylor *Categorical Approach*

We apply the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a particular offense, such as Carlos-Blaza's 18 U.S.C. § 656 conviction here, qualifies as an aggravated felony under § 1101(a)(43)(M)(i). *See Li*, 389 F.3d at 895-96.

Under *Taylor*, we compare the statute of conviction to the removal statute's definition of aggravated felony. *Id.* If every conviction under the statute of conviction is also an aggravated felony, then there is a "categorical match" and the defendant's conviction perforce qualifies as an aggravated felony. There is a "categorical match" between 18 U.S.C. § 656 and 8 U.S.C. § 1101(a)(43)(M)(i) if every conviction under § 656 involved fraud or deceit.[7]

If, on the other hand, the statute of conviction prohibits some conduct that does *not* constitute an aggravated felony, then there is no "categorical match." *Id.* In that case, we proceed under a "modified categorical analysis" by looking to the documents of conviction and determining whether the particular conviction at issue "unequivocally" constitutes an aggravated felony. *Id.* "[T]he modified categorical approach applies only if the statute of conviction is divisible into several crimes, some of which involve an aggravated felony and some

---

[6]Carlos-Blaza concedes her conviction involved a loss of $10,000 or more under 8 U.S.C. § 1101(a)(43)(M)(i), which defines "aggravated felony" to include, *inter alia*, an offense involving fraud or deceit and from which the loss to the victim(s) exceeds $10,000.

[7]The statute of conviction need not have an *element* requiring more than a $10,000 loss before a court can find a "categorical match" between § 1101(a)(43)(M)(i) and the statute of conviction. *Nijhawan v. Holder*, 129 S. Ct. 2294, 2297-98 (2009).

of which do not." *Aguilar-Turcios v. Holder*, 582 F.3d 1093, 1097 (9th Cir. 2009).

(B)   *No Categorical Match*

**[1]**  The elements of a § 656 violation are: (1) the defendant was an employee (2) of a federally connected bank[8] (3) who embezzled, abstracted, purloined, or willfully misapplied the bank's funds (4) with the intent to injure or defraud the bank. *Wolfswinkel*, 44 F.3d at 786. We hold there is no "categorical match" between § 656 and definition of "aggravated felony" in § 1101(a)(43)(M)(i) because not every conviction under § 656 involves fraud or deceit.[9] Section 656 is divisible into several crimes, some of which could include pure theft offenses ("abstract[ing]" and "purloin[ing]").[10] Section 656's imputed "intent to injure *or* defraud" element also is divisible into the "intent to injure" or the "intent to defraud." *United States v. Castro*, 887 F.2d 988, 994-95 (9th Cir. 1989) (affirming defendant's conviction for misapplication under § 656 despite lack of intent to injure and explaining that "[i]ntent to injure need not be shown if there is intent to deceive or defraud"). Although we hold that a conviction for

---

[8]It is undisputed that Carlos-Blaza was an employee of a federally connected bank.

[9]The aggravated felony definition in 8 U.S.C. § 1101(a)(43)(M)(i) requires that an aggravated felony *involves* fraud or deceit. The word "involves" broadens the scope of crimes to include not just the crime of fraud, but, *inter alia*, crimes for which fraud is a necessary element. *See James v. Gonzales,* 464 F.3d 505, 508 (5th Cir. 2006) ("[W]hether an offense 'involves' fraud is a broader question than whether it *constitutes* fraud.") (concluding that alien's conviction for aiding and abetting bank fraud under 18 U.S.C. § 1344 necessarily entailed fraud), *cf. Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273 (1995) (holding, in light of statute's language, structure, and background, that Federal Arbitration Act's phrase "involving commerce" was necessarily "broader than the often-found words of art 'in commerce.' ").

[10]That 18 U.S.C. § 656 is entitled "Theft, embezzlement, or misapplication by bank officer or employee" reinforces that mere theft offenses can suffice.

misapplication under § 656 necessarily involves intent to defraud, *see infra*, other pure theft offenses in violation of § 656 can be committed with a mere "intent to injure" and no "intent to defraud." For example, a bank employee (e.g., a janitor) could be convicted of "purloining" under § 656 if he simply walked out the door with bags of money, even if he deceived or defrauded no one, because he intended to injure the bank when he took the cash. *See, e.g.*, *United States v. Gillett*, 249 F.3d 1200, 1201-02 (9th Cir. 2001) (affirming conviction for *theft* under 18 U.S.C. § 656 where a Brinks armored car guard stole bags of money from Bank of America during night deposit transports).

Because we hold that there is no "categorical match" between § 656 and the aggravated felony definition in § 1101(a)(43)(M)(i), we turn to the modified categorical analysis.

(C)　*Modified Categorical Analysis*

**[2]** Under the modified categorical analysis, we look to the documents of conviction to determine whether the particular conviction at issue "unequivocally" satisfies the aggravated felony definition. *Li*, 389 F.3d at 895-96. In applying this approach to determine whether Carlos-Blaza's conviction was for an offense involving fraud or deceit, then, we compare to the statutory definition the following types of documents: the charging document, the written plea agreement, the transcript of plea colloquy, any explicit factual finding by the trial judge to which the defendant assented, and comparable judicial records. *See United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (en banc) (per curiam).

**[3]** In her plea agreement, Carlos-Blaza acknowledged that she "knowingly stole, embezzled, and misapplied moneys" by obtaining or increasing lines of credit from Bank of the Sierra. We agree with the Eleventh Circuit Court of Appeals and hold that the misapplication of funds by a bank employee in viola-

tion of § 656 necessarily involves fraud or deceit. *See Moore v. Ashcroft*, 251 F.3d 919, 923 (11th Cir. 2001).

In *Moore*, a legal permanent resident and former bank employee was convicted of misapplication of auction drafts under 18 U.S.C. § 656 and was served with a Notice to Appear charging her with removal as an aggravated felon, as defined in 8 U.S.C. § 1101(a)(43)(M)(i). *Id.* at 921. The BIA affirmed the IJ's decision to deny her application for withholding of removal. *Id.* The Eleventh Circuit affirmed, noting it had previously determined the "intent to injure or defraud" element of misapplication of bank funds under 18 U.S.C. § 656 is established where the defendant knowingly participated in a deceptive or fraudulent transaction, as she had there. *Id.* at 923.

**[4]** Our court's existing definition of the misapplication of funds in *Castro* further supports our agreement with the Eleventh Circuit. We have previously defined the misapplication of funds in violation of § 656 as follows: "Funds are misapplied when they are disbursed under a record containing misrepresentations of fact with the intent to deceive bank officials, examiners, or the [FDIC]." *Castro*, 887 F.2d at 994. Although a bank employee can commit the crime of purloining in violation of § 656 with the intent to injure the bank but without the intent to deceive the bank, one simply cannot knowingly misapply bank funds in violation of § 656 without the intent to deceive the bank. Thus, because Carlos-Blaza pleaded guilty to knowingly misapplying bank funds in violation of 18 U.S.C. § 656, she has pled guilty to a crime that qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i).[11]

---

[11]Carlos-Blaza cites *Valansi v. Ashcroft*, 278 F.3d 203 (3d Cir. 2002), for the proposition that not every *embezzlement* conviction under § 656 involves fraud or deceit. We need not decide and potentially create a circuit split on the question of whether a conviction only for embezzlement under § 656 necessarily involves fraud or deceit because Carlos-Blaza "knowingly stole, embezzled, *and* misapplied moneys" in violation of § 656. Had we not held that "misapplication" involves fraud or deceit, a serious question would be presented as to whether "embezzlement" involves fraud or deceit.

**Conclusion**

For the foregoing reasons, we hold that, although there is no "categorical match" between 18 U.S.C. § 656 and the aggravated felony definition in 8 U.S.C. § 1101(a)(43)(M)(i), under the modified categorical analysis, a conviction for *misapplication* of funds under 18 U.S.C. § 656 necessarily involves fraud or deceit and, therefore, constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i). Therefore, we deny Carlos-Blaza's petition for review.

**PETITION DENIED.**