**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO CORNEJO NORIANUEVA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent, | No. 08-71385 <br><br> Agency No. A095-689-986 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2010
San Francisco, California

Before: BEEZER, KLEINFELD, and GRABER, Circuit Judges.

We review the order of the Board of Immigration Appeals determining that

Arturo Cornejo Norianueva is statutorily ineligible for cancellation of removal

under 8 U.S.C. § 1229b(b)(1)(B) and (C). Cornejo, an undocumented alien, signed

a plea agreement in 2004 pleading guilty to knowing possession of a firearm by an

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

illegal alien in violation of 18 U.S.C. § 922(g)(5). The Board concluded that Cornejo's 2004 conviction was (1) an aggravated felony and (2) a firearms offense, rendering Cornejo statutorily ineligible for cancellation of removal. 8 U.S.C. §§ 1229b(b)(1)(B) & (C); 1101(f)(8); 1227(a)(2).

Cornejo is statutorily ineligible for cancellation of removal because he has not been a person of "good moral character" during the 10 years immediately preceding his application. 8 U.S.C. § 1229b(1)(B). A person shall not be found to have good moral character if he has at any time been convicted of an aggravated felony. 8 U.S.C. § 1101(f)(8). Cornejo's 2004 conviction under 18 U.S.C. § 922(g)(5) qualifies as an aggravated felony. Under Taylor v. United States, 495 U.S. 575 (1990), if every conviction under the statute of conviction is also a conviction for the purposes of the Immigration and Nationality Act, then the inquiry ends with the fact of conviction, which "perforce qualifies" as the INA offense. Carlos-Blaza v. Holder, 611 F.3d 583, 587 (9th Cir. 2010). The INA includes in its definition of an aggravated felony "an offense described in . . . section 922(g)(1), (2), (3), (4), or (5) . . . of title 18 (relating to firearms offenses)." 8 U.S.C. § 1101(a)(43)(E)(ii). Cornejo was convicted under 18 U.S.C. §

2

922(g)(5); therefore, he was convicted of an aggravated felony and is statutorily ineligible for cancellation of removal.

We therefore need not reach the alternative argument that Cornejo's conviction is also a firearms offense under the modified categorical approach.

**PETITION DENIED.**