NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| KHUNSELA PROM, | ) | No. 11-71730 |
| AKA Khunsela Knunela, | ) | |
| AKA Danny Prom, | ) | Agency No. A025-294-832 |
| | ) | |
| Petitioner, | ) | **MEMORANDUM**[*] |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, Jr., Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 4, 2013
Seattle, Washington

Before:    FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

Khunsela Prom petitions for review of the Board of Immigration Appeals'

determination that he was removable because he was an aggravated felon.[1]  We

deny the petition.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]See 8 U.S.C. § 1227(a)(2)(A)(iii).

The BIA did not err when it determined that Prom was an aggravated felon because: (a) he conspired to commit a felony involving fraud or deceit when he joined others in perpetrating a scheme to defraud casinos by cheating at card games, and (b) the victims lost over $10,000.[2]  When a modified categorical analysis[3] is used, with a proper consideration of other facts,[4] it is apparent that, at the very least, Prom's conspiracy to transport the fraudulently obtained funds in interstate and foreign commerce[5] was a crime involving the fraud itself.  Moreover, the order at sentencing that he pay some $19,150 in restitution to one of the casinos was sufficient to sustain a determination that the victims had lost over $10,000. Thus, he was removable on that ground alone.[6]

---

[2]See 8 U.S.C. § 1101(a)(43)(M)(i), (U).

[3]See Shepard v. United States, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257, 161 L. Ed. 2d 205 (2005); Taylor v. United States, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160, 109 L. Ed. 2d 607 (1990); Young v. Holder, 697 F.3d 976, 983 (9th Cir. 2012) (en banc); Carlos-Blaza v. Holder, 611 F.3d 583, 589 (9th Cir. 2010).

[4]See Nijhawan v. Holder, 557 U.S. 29, 38–40, 129 S. Ct. 2294, 2301–02, 174 L. Ed. 2d 22 (2009).

[5]See 18 U.S.C. § 2314.

[6]The BIA also determined that Prom had committed an aggravated felony because one object of the conspiracy was to make materially false and fraudulent statements to federal investigating officers and one conspirator did just that.  See 18 U.S.C. § 1001(a)(2).  We need not, and do not, consider that separate determination.

Therefore, we must deny the petition.[7]

Petition DENIED.

---

[7]Because Prom is an aggravated felon, his claim, if any, regarding cancellation of removal is moot. See 8 U.S.C. § 1229b(a)(3).