**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SAMA ABDIAZIZ ABDISALAN,
                            *Petitioner*,

                    v.

ERIC H. HOLDER, JR., Attorney
General,
                            *Respondent*.

No. 10-73215

Agency No.
A095-406-303

---

SAMA ABDIAZIZ ABDISALAN,
                            *Petitioner*,

                    v.

ERIC H. HOLDER, JR., Attorney
General,
                            *Respondent*.

No. 11-71124

Agency No.
A095-406-303

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 7, 2012—Seattle, Washington

Filed September 6, 2013

Before:  Richard C. Tallman and Paul J. Watford, Circuit
Judges, and Michael W. Fitzgerald, District Judge.[*]

Opinion by Judge Tallman;
Dissent by Judge Watford

**SUMMARY**[**]

**Immigration**

The panel dismissed as untimely two petitions seeking review of the Board of Immigration Appeals' decision denying an application for asylum.

The Board denied petitioner's asylum application because she failed to file it within one year of arrival or establish extraordinary circumstances to excuse the untimely filing. Because the Board had also granted withholding of removal, it remanded to the IJ for the completion of background checks, and following completion of those checks, petitioner filed a second appeal with the Board challenging the underlying denial of asylum. The Board dismissed the second appeal, construing it as an untimely motion to reconsider, and again remanded to the IJ for updated background checks. Petitioner filed petitions for review in this court following the denial of the motion to reconsider and

---

[*] The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the IJ's last background checks, but did not file a petition after the Board's initial decision denying her asylum application.

The panel held that it lacked jurisdiction to review the Board's underlying denial of asylum, the only issue raised in both petitions for review, because petitioner failed to file a timely petition for review of that decision.

Dissenting, Judge Watford wrote that the Board's initial decision denying asylum was not a final order, because proceedings were still ongoing before the IJ, and that the IJ's decision granting withholding of removal following completion of the last round of background checks was the final order that triggered the running of the clock to determine timeliness of the petition for review. Judge Watford would hold that petitioner's petitions for review were timely.

**COUNSEL**

Hilary Han (argued) and Vicky Dobrin, Dobrin & Han, PC, Seattle, Washington, for Petitioner.

Linda Cheng (argued), Trial Attorney, and Susan K. Houser, Senior Litigation Counsel, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

**OPINION**

TALLMAN, Circuit Judge:

Sama Abdiaziz Abdisalan, a native and citizen of Somalia, petitions for review of the Board of Immigration Appeals' (BIA or Board) decision dismissing her asylum claim for lack of timeliness. In its original decision, the BIA determined that Abdisalan neither satisfied her burden that she applied for asylum within one year of arrival, nor established extraordinary circumstances sufficient to excuse untimely filing of her application. However, the BIA remanded the case to the IJ to complete updated background checks related to the IJ's unchallenged grant of withholding of removal. Following successful completion of another round of background checks, Abdisalan filed a second appeal to the BIA seeking review of the denial of her asylum claim. The BIA dismissed that appeal as an untimely motion to reconsider, and again remanded the case for a third set of updated background checks because her clearance had once more expired.

Abdisalan has now filed two petitions for review before us: (1) from the BIA's second decision denying the motion to reconsider, and (2) following the IJ's confirmation of successful completion of the third set of background checks. Despite their untimeliness, the sole focus of both petitions is to challenge the BIA's original decision dismissing her asylum claim.

Because Abdisalan waited nearly two years to petition for review of the BIA's original November 25, 2008, dismissal of her asylum claim—exceeding the thirty-day deadline to

file an appeal in our Court—we lack jurisdiction to review this case now.  Accordingly, we dismiss her petition.[1]

I

Abdisalan filed an application for asylum on March 28, 2002.  The IJ held a merits hearing on July 9, 2007, to hear her claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Abdisalan had an opportunity to present her case through witness testimony, submitted background materials on country conditions, and declarations.  In an oral decision announced August 3, 2007, while Abdisalan's background checks were still current, the IJ granted withholding of removal to Somalia, but denied asylum as time-barred, and found she had not shown a clear probability of torture for protection under CAT.  On appeal to the BIA, Abdisalan only challenged the denial of her asylum claim.  The Board dismissed the appeal finding Abdisalan "statutorily ineligible for asylum" on November 25, 2008.  In two separate line entries, the BIA dismissed the asylum appeal and remanded the "record" to the IJ to complete updated background checks.[2]  Abdisalan chose not

---

[1] Despite the dissent's contention and the sympathetic facts of this case, our denial of review is not unjust.  Because she cleared the background checks on every occasion, the IJ granted withholding of removal and Abdisalan will not be removed to Somalia.  However, as we lack jurisdiction because of her untimeliness, the law restricts our ability to review the merits of her underlying asylum claim.

[2] Abdisalan's original background clearance supporting the IJ's grant of withholding of removal had expired during the pendency of her appeal before the BIA.  The Department of Homeland Security (DHS) has never challenged that grant.

to file a petition for review before us of the BIA's decision at that time.

On June 18, 2009, the IJ once again determined that the background checks were satisfactory, confirming Abdisalan's continued entitlement to withholding of removal. Abdisalan filed a second appeal to the BIA, and on September 24, 2010, the Board found that "any attempt to use this appeal to reach issues resolved in [the] November 25, 2008, order is, at bottom, an untimely motion to reconsider that will be denied." The BIA "summarily dismissed" the appeal finding that it did "not challenge an issue of fact or law material to the Immigration Judge's June 18, 2009, order." In conclusion, the BIA again remanded the case to the IJ to enter the same relief granted previously on August 3, 2007, when "background checks and security investigations were complete and current." Abdisalan filed a petition for review of this BIA decision with us on October 13, 2010.

On March 28, 2011, her background checks cleared a third time, and the IJ reentered the same determination he originally made on August 3, 2007, granting continued entitlement to withholding of removal. Abdisalan bypassed any attempt to appeal this decision to the BIA and instead filed a second petition for review directly with us on April 21, 2011. The two petitions for review were later consolidated here.

## II

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). "We review de novo the BIA's interpretation of purely legal questions." *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003).

## III

This case turns on when an order of removal is considered "final" for purposes of judicial review and revisits our precedent on how to treat a mixed decision that grants one form of immigration relief while denying another. Abdisalan's appeals to the BIA and petitions for review before us focus only on the IJ's denial of asylum. The BIA upheld that decision on November 25, 2008, and no petition for review was filed within thirty days from the Board's decision as the law requires. *See* 8 U.S.C. § 1252(b)(1). Therefore, the BIA's resolution of that claim necessarily became final. *See* 8 U.S.C. § 1101(a)(47)(B)(ii). Abdisalan's failure to file a timely petition for review of the BIA's decision denying her claim for asylum precludes our jurisdiction now.

## A

In her original application, Abdisalan sought asylum, withholding of removal, and protection under CAT. *See* 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 1208.16. The merits hearing to adjudicate these claims, held July 9, 2007, provided Abdisalan "a full and fair hearing of h[er] claims and a reasonable opportunity to present evidence on h[er] behalf." *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000); *see also* 8 U.S.C. § 1229a(b)(4). On appeal, the BIA found Abdisalan statutorily ineligible for asylum.[3]

A petition for review must be filed within thirty days of the final order of removal. 8 U.S.C. § 1252(b)(1). An order becomes final upon the earlier of the BIA's affirmance of the

---

[3] Abdisalan did not challenge the IJ's denial of protection under CAT.

IJ's order or the expiration of the period in which an alien may seek review of the IJ's order. 8 U.S.C. § 1101(a)(47)(B). "This time limit is mandatory and jurisdictional." *Yepremyan v. Holder*, 614 F.3d 1042, 1043 (9th Cir. 2010) (per curiam) (internal quotation marks removed). When granting relief pursuant to 8 C.F.R. § 1003.47(b), such as withholding of removal, the BIA "shall not issue a decision affirming . . . relief or protection from removal" if the results of the prior background checks "are no longer current under the standards established by DHS and must be updated." 8 C.F.R. § 1003.1(d)(6)(i)(B).

The dissent attempts to conflate the prior decisions regarding Abdisalan's claims, but the granting of withholding of removal and related remand to update background checks is an issue distinct and apart from the denial of her asylum claim. Each comes with its own finality determination, timing, and statutory context. Abdisalan never appealed the IJ's grant of withholding of removal, nor the BIA's remand for updated background checks because that relief was awarded in her favor. Accordingly, we may not review that issue here. Our jurisdiction to review the asylum claim expired long ago when Abdisalan failed to file a petition for review within thirty days of the BIA's decision affirming the IJ's adverse determination. Failure to seek review of that final order of removal in a timely manner prevents our review on appeal.

The dissent looks to the Executive Office for Immigration Review's guidance regarding remands for background checks, but that guidance focuses on the much simpler question of the agency's obligation to have current background checks prior to confirming the grant of relief from removal, codified at 8 C.F.R. § 1003.1(d)(6).

Background and Security Investigations in Proceedings
Before Immigration Judges and the Board of Immigration
Appeals, 70 Fed. Reg. 4743, 4746–49 (Jan. 31, 2005). It does
not speak to the specific scenario of a mixed decision, such as
Abdisalan's, in which one form of relief is granted while
another is denied. This is because "the Board is not required
to remand or hold a case under § 1003.1(d)(6) if the Board
decides to dismiss the respondent's appeal or deny the relief
sought." *Id*. at 4748. This guidance is simply inapplicable
and does not speak to the finality of Abdisalan's asylum
claim, the dispositive issue before us now.

Abdisalan's inconsistent arguments regarding the finality
of the asylum claim highlight her failure to timely appeal. In
her opening brief for Case No. 11-71124, she first argued that
the BIA's September 24, 2010, decision "constitute[d] a 'final
order of removal' for purposes of judicial review . . . that was
unaltered by its remand to the IJ" because "nothing [was]
currently pending before the Board." But that was true at the
time of the Board's original November 25, 2008,
determination, which was, and remains, the final order of
removal. In supplemental briefing to us, which we ordered
following oral argument in the consolidated appeals,
Abdisalan switched position and now argues that "only one
order—the IJ's ultimate order of March 28, 2011—is strictly
a 'final order of removal.'"[4]    Analysis of our current
precedent forecloses both of the arguments advanced by the

---

[4] Abdisalan petitioned for review of both the September 24, 2010,
decision by the BIA and the March 28, 2011, decision by the IJ. Since the
petitions were consolidated for our review, and neither appeal establishes
jurisdiction over the defaulted asylum claim, we do not need to consider
whether Abdisalan may appeal to us directly from an IJ's decision. *See
Carlos-Blaza v. Holder*, 611 F.3d 583, 587 n.4 (9th Cir. 2010).

Petitioner. The BIA's 2008 decision was final and started the thirty-day clock to petition for review.

Our dissenting colleague chooses to ignore the procedural posture of this case and the fact that our conclusion is consistent with the BIA's treatment of it. By considering Abdisalan's subsequent appeal as an untimely motion to reconsider, the BIA, too, understood that the adjudication of her asylum claim was final in 2008.

To take our colleague's analysis to its logical conclusion, there might never be finality based on an endless cycle of remands necessitated by updating expired background clearances. Here, they have had to be redone on three separate occasions. There could be no end to this process under the dissent's view of the law. The appropriate interpretation of our precedent is that a petitioner must challenge the substance of the BIA's decision on a timely basis. Therefore, we lack jurisdiction to review her asylum claim now.

B

*Li v. Holder*, 656 F.3d 898, 899, 905 (9th Cir. 2011), dealt with similar questions of finality of a removal order and jurisdiction, however Li timely petitioned for review of the BIA's decision, establishing our jurisdiction. In *Li*, the IJ granted withholding of removal or alternative protection under CAT, but denied asylum. *Id.* at 900. As in Abdisalan's case, the BIA affirmed the IJ's denial of asylum—the only question on appeal—but remanded Li's case to await current background checks pursuant to 8 C.F.R. § 1003.1(d)(6). *Id.* at 899. Despite the remand, Li filed a timely petition for review within 30 days of the BIA's denial of asylum. *Id.*

We held that "where the BIA denies relief and remands pursuant to § 1003.1(d)(6) for background checks required for alternative relief, we have jurisdiction to consider an appeal of the final order denying relief." *Id*. at 904; *Annachamy v. Holder*, __ F.3d __, No. 07–70336, 2013 WL 44056787, at \*2 (9th Cir. August 19, 2013) (quoting the same language from *Li*). Li's order of removal was final because the "BIA decided all the matters before it," and "there was nothing pending before the Board." *Li*, 656 F.3d at 904. The IJ had already held the merits hearing and determined that Li was eligible for withholding of removal or alternative protection under CAT, but ineligible for asylum. *Id*. at 900.

The only outstanding issue for the IJ to review upon remand was the "procedural requirement" of successful completion of background checks pursuant to 8 C.F.R. § 1003.1(d)(6). *See* 70 Fed. Reg. at 4746 (describing remand for background checks as a procedural requirement). The limited right to appeal following remand is contingent on whether the background checks reveal new evidence. *Id*. at 4748; *Li*, 656 F.3d at 904. And, if new evidence raises a legal or factual issue, review of that evidence is necessarily limited to its potential impact on the *grant* of relief, because remand is not required for denial of relief. 8 C.F.R. §§ 1003.1(d)(6)(iv), 1003.47(h); *Li*, 656 F.3d at 902. Any new evidence would not open up the case for reconsideration of other separate and distinct substantive claims that had previously been denied.[5]

---

[5] This limited scope of review following a remand for background checks has previously been recognized by the BIA. In *In re Fabricio Alcantara-Perez*, 23 I. & N. Dec. 882, 882 (B.I.A. 2006), while on remand for a background check required for adjustment of status, authorities arrested Alcantara-Perez for domestic violence. The BIA held that the IJ

In this case, Abdisalan's unsuccessful asylum claim was necessarily final at the time of the BIA's 2008 remand. The only portion of her case in question at the time of remand related to confirming the agency's grant of withholding of removal, a determination she has never challenged. The same reasons that established our jurisdiction to review Li's asylum claim at the time of remand now foreclose our ability to review Abdisalan's asylum claim. Rather than timely petitioning for review of the BIA's November 25, 2008, final order of removal, she waited until after completion of the background checks. Her delay unfortunately deprives us of jurisdiction over her asylum claim on appeal.

*Go v. Holder*, 640 F.3d 1047 (9th Cir. 2011), also considered the question of jurisdiction and the finality of a removal order. There, the BIA affirmed the denial of asylum and withholding of removal in 2005, but remanded the IJ's denial of CAT protection for further proceedings. *Id*. at 1050. After the BIA issued a second order denying CAT protection in 2006, we found jurisdiction to review the merits of both the earlier 2005 decision and the 2006 decision. *Id.* at 1051.

Although at first blush our jurisdiction over both decisions in *Go* might appear inconsistent with *Li*, jurisdiction is a fact-intensive question determined individually for each case on petition for review. "*Go* held that there was no final removal order until all forms of relief were denied," whereas, "*Li* held that the final removal order

had "discretion to determine whether to conduct an additional hearing to consider the new evidence before entering an order granting or denying relief." *Id.* at 882. However, the Board observed that the regulations did not provide the parties "an opportunity to relitigate issues that were *previously considered and decided*." *Id*. at 885 (emphasis added).

was not contingent on the denial of all forms of relief."[6] *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 959 (9th Cir. 2012). However, the *Li* decision distinguished *Go* on three grounds to explain the difference in our jurisdictional analysis, and each equally apply to Abdisalan's case. *Li*, 656 F.3d at 903–04.

Most importantly, in *Li*, as well as in this case, the BIA had already decided all "the matters before it" prior to remand. *Id.* at 904. The record had been fully developed, and the BIA had considered all of the petitioner's arguments. *Id*. at 899–900. By contrast, in *Go*, the BIA found that "the IJ may not have considered various country reports" and expressed concern that testimony was "improperly excluded." *Go*, 640 F.3d at 1050–51. The IJ accordingly held additional proceedings to further develop the record. *Id.* at 1051. If Go had petitioned for review of the BIA decision at the time of remand, as Li did, it would have been premature because Go's CAT claim was still under consideration, and therefore he was still challenging a pending substantive issue. Thus, in *Go*, it was only after the BIA denied the CAT claim that a final order of removal existed to serve as the basis for our jurisdiction over both of the BIA's decisions.

In contrast, this case is equivalent to *Li* because no substantive challenges remained at the time of the BIA's remand. The BIA specifically noted that "[i]n light of the Immigration Judge's unappealed grant of withholding of

---

[6] Although we noted that Li's background checks concluded prior to assuming jurisdiction over the case, the completion of Li's background checks was not a necessary requirement to establish our jurisdiction. *Li*, 656 F.3d at 900; *Ortiz-Alfaro*, 694 F.3d at 959. It was only further evidence of the finality of his removal order.

removal" it would remand the "record," but the BIA made no reference to remanding the entire case. The BIA found Abdisalan statutorily ineligible for asylum and clarified that she did not appeal the denial of protection under CAT. The only outstanding issue upon remand was whether the background checks would clear again to support continued withholding of removal. The BIA highlighted this point when it dismissed Abdisalan's second appeal. The Board concluded Abdisalan's "sole purpose" on appeal was to challenge the November 25, 2008, asylum decision, which was not an "issue of fact or law material" to the IJ's order on remand. Consequently, Abdisalan's asylum claim would have been ripe for our review in 2008, but is now foreclosed.

*Li* points to two additional differences to support a finding that a final order of removal existed; differences that were not present in *Go*, but which are present in Abdisalan's case. First, Go contested removability, while Li and Abdisalan conceded removability. *Li*, 656 F.3d at 903. "We have recognized that where removability is conceded, a final order that the petitioner is removable necessarily exists[,] and we have jurisdiction." *Id*. Second, the IJ in *Go* originally denied all forms of relief, whereas the IJ granted withholding of removal for Li and Abdisalan, and the BIA upheld that decision. *Id*. "We have held that the granting of relief implies that a final determination of removability has been made." *Id*. (citing *Lolong v. Gonzales*, 484 F.3d 1173, 1177 (9th Cir. 2007)). Therefore, no tension exists between our holdings in *Li* and *Go*. Rather, it was the distinct facts of each case that determined whether or not a final order of removal existed, and consequently whether we had jurisdiction to review the claim.

In *Ortiz-Alfaro*, like *Go*, we determined that we lacked jurisdiction to review the petitioner's claim because he still had an unresolved possible avenue for relief, and no final order of removal existed. 694 F.3d at 959–60. *Ortiz-Alfaro* was charged with illegal reentry under 8 C.F.R. § 241.8(a). *Id*. at 956. In illegal reentry cases, the alien may contest the reinstatement of the prior order of removal by asserting "a fear of returning to the country designated." *Id*. The case is then referred to an asylum officer. *Id*. If the asylum officer determines the alien has not established a reasonable fear, the alien may appeal that determination to an IJ. *Id.* at 956–57. However, in *Ortiz-Alfaro*, the "[r]eview of the asylum officer's determination by an IJ ha[d] yet to take place." *Id.* at 957. Unlike here, Ortiz-Alfaro's withholding of removal claim remained undeveloped at the time he filed his petition for review. *Id*. The IJ had not reviewed the reasonable fear determination, developed the record for that claim, or denied withholding of removal. *Id*. Accordingly, we found that we lacked jurisdiction because no final order of removal existed, as substantive issues remained. *Id.* at 959.

Our analysis in these cases also coincides with the BIA's decision in *In re M-D-*, 24 I. & N. Dec. 138, 141–42 (B.I.A. 2007). The BIA there held that on remand for background checks the IJ had "authority to consider new evidence if it would support a motion to reopen the proceedings," but that holding did not allow the petitioner to "use the remand as a venue to challenge orders denying relief that the BIA ha[d] affirmed." *Li*, 656 F.3d at 904 n.1. "To the contrary, the Board explicitly instruct[ed] that on remand the IJ may not reconsider the BIA's prior decisions." *Id*.; *M-D-*, 24 I. & N. Dec. at 138. Although the petitioner could file a motion to reopen for possible new forms of relief, that action did not

alter the already existing final order of removal. *Li*, 656 F.3d at 904 n.1.

IV

Our dissenting colleague invokes the words of Felix Frankfurter to suggest that in the name of justice, we should ignore the law for this case. But the character of Sir Thomas More in Robert Bolt's *A Man for All Seasons* answers the dissent's call as Chancellor More describes his resistance to an entreaty to swear an oath of allegiance to King Henry VIII and approve an unlawful act. Act 1, p. 66 (Random House 5th Printing 1962). "This country's planted thick with laws from coast to coast—man's laws, not God's—and if you cut them down . . . d'you really think you could stand upright to the winds that would blow then?" *Id*. The law cannot be bent to accommodate every desired exception merely by invoking the word "justice."

Our precedent is consistent. Petitioners must file their petitions for review within thirty days of the BIA's determination of their applicable claims for asylum, withholding of removal, and protection under CAT. Judicial economy and a preference for finality underpin this requirement. If these steps have been followed, a final order of removal exists, and we have jurisdiction. "Where the BIA denies relief and remands pursuant to § 1003.1(d)(6) for background checks required for alternative relief," and no other substantive issues affecting the merits are pending, jurisdiction exists *at that time* to consider a petition for review of the final order denying relief. *Li*, 656 F.3d at 904. In this case, Abdisalan had "a full and fair hearing of h[er] claims and a reasonable opportunity to present evidence on h[er] behalf." *Colmenar*, 210 F.3d at 971. A final order of

removal existed regarding the asylum claim following the BIA's decision on November 25, 2008, triggering the thirty-day rule to petition for judicial review. She does not get a second or third bite at that apple now. Accordingly, her 2010 and 2011 petitions before us are untimely.

Petitions for review **DISMISSED** for lack of jurisdiction.

WATFORD, Circuit Judge, dissenting:

I

Everyone appears to agree that petitioner Sama Abdisalan has a meritorious asylum claim. It would be hard to conclude otherwise, given what she has been through: enduring type-III female genital mutilation when she was three or four years old; witnessing the execution-style murder of her aunt and uncle by members of a rival clan at the outset of Somalia's civil war when she was twelve or thirteen; and being held captive afterward by those same rival clan members for two or three weeks, an ordeal during which she was repeatedly raped and subjected to constant verbal and physical abuse.

Based on these facts, the immigration judge (IJ) granted Ms. Abdisalan withholding of removal, which means she necessarily established the well-founded fear of persecution required to qualify for asylum relief. *See Khunaverdiants v. Mukasey*, 548 F.3d 760, 767 (9th Cir. 2008). But the IJ and the Board of Immigration Appeals (BIA) denied Ms. Abdisalan's asylum claim on the ground that her application was untimely. That ruling is unquestionably wrong; no one disputes that Ms. Abdisalan arrived in the United States in

either February or March of 2002, and under either scenario her March 28, 2002, application for asylum was timely. *See id.* at 765. We would ordinarily have jurisdiction to correct this error, since it turns on "application of law to undisputed facts." *Lin v. Holder*, 610 F.3d 1093, 1096 (9th Cir. 2010).

The majority holds that we lack jurisdiction to review the BIA's erroneous ruling because the BIA's November 2008 order denying Ms. Abdisalan's asylum claim was a "final order of removal," which triggered the mandatory 30-day deadline for seeking review in our court. 8 U.S.C. § 1252(b)(1). In that same order, however, the BIA upheld Ms. Abdisalan's claim for withholding of removal and remanded her case under 8 C.F.R. § 1003.1(d)(6) for completion of the background checks required under 8 C.F.R. § 1003.47. Ms. Abdisalan had no reason to believe in November 2008 that she could petition our court for review of the BIA's order. The agency had taken the position—as it continues to do today—that orders in which it remands for completion of background checks are *not* final orders because administrative proceedings remain ongoing. *See In re M-D-*, 24 I. & N. Dec. 138, 141–42 (BIA 2007). The majority concludes that Ms. Abdisalan forfeited her right to obtain judicial review based primarily on a case—*Li v. Holder*, 656 F.3d 898 (9th Cir. 2011)—not decided until almost three years after the deadline for seeking review of the November 2008 order had expired. Even if we ignore the unfairness of applying *Li* retroactively to Ms. Abdisalan, and simply analyze the majority's holding on its own terms, that holding cannot be squared with the language of the controlling statute, the regulations governing remand orders of the sort at issue here, or the BIA's own understanding of the finality of its orders.

The best place to start is with the language of the controlling statute, which defines when an order of removal becomes "final." *See* 8 U.S.C. § 1101(a)(47). (The statute defines when an "order of deportation" becomes final, but it applies to removal orders as well. *Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007).) Section 1101(a)(47) defines an "order of deportation" as an order by an IJ "concluding that the alien is deportable or ordering deportation." 8 U.S.C. § 1101(a)(47)(A). It then states that such an order "shall become final upon the earlier of" two events: (1) "a determination by the Board of Immigration Appeals affirming such order," or (2) "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

Determining finality under this definition is easy when the IJ orders an alien deported (or removed) and the BIA then affirms the order. The language of § 1101(a)(47) is framed with that scenario foremost in mind. But what about the scenario we face in this case where, instead of ordering the alien removed, the IJ grants relief from removal on one ground, denies relief from removal on other grounds, and the BIA then upholds that order? Although the statutory language does not cover this scenario as neatly as the first, I think the most natural reading is that the IJ's order becomes final when the BIA issues a "determination . . . affirming such order." 8 U.S.C. § 1101(a)(47)(B)(i). If the BIA affirms the IJ's order, thereby ending administrative proceedings, that is the logical point at which the right to judicial review is triggered.

Does the BIA's November 2008 decision constitute a determination "affirming" the IJ's order denying Ms.

Abdisalan asylum but granting her withholding of removal? No. The answer is clear because, under the regulations governing this scenario, the BIA *could not issue* a decision affirming the IJ's grant of withholding of removal in November 2008. At that point, the required background checks had not been completed, and Ms. Abdisalan was barred from receiving withholding of removal until that occurred. *See* 8 C.F.R. § 1003.47(b)(7), (g). As the regulations make clear, when the completion of background checks is necessary, the BIA "shall not issue a decision affirming" any relief from removal "that requires completion of identity, law enforcement, or security investigations or examinations." 8 C.F.R. § 1003.1(d)(6)(i). Instead, the BIA must either remand the case to the IJ for completion of the required background checks, as the BIA did here, or issue an order stating that the appeal will be placed on hold until those background checks are completed. 8 C.F.R. § 1003.1(d)(6)(ii).

Construed in light of 8 U.S.C. § 1101(a)(47), this regulation forecloses any contention that the BIA's November 2008 decision constituted a "final order of removal." The BIA did not issue a determination "affirming" the IJ's order of removal for the simple reason that it lacked the authority to do so. But if there were any doubt about the decision's lack of finality, we have definitive guidance on that score from the agency that issued the regulations in question. The Executive Office for Immigration Review has unambiguously stated that when the BIA remands the case to the IJ for completion of background checks under 8 C.F.R. § 1003.1(d)(6), the BIA's order is not final:

> In any case that is remanded to the immigration judge pursuant to § 1003.1(d)(6),

the Board's order *will be an order remanding the case and not a final decision*, in order to allow DHS to complete or update the identity, law enforcement, and security investigations or examinations of the respondent(s). The immigration judge will then consider the results of the completed or updated investigations before issuing a decision granting or denying the relief sought.

Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals, 70 Fed. Reg. 4743, 4748 (Jan. 31, 2005) (emphasis added).

The majority describes remands under 8 C.F.R. § 1003.1(d)(6) as a procedural requirement during which nothing affecting the finality of the removal order may occur. Maj. op. at 11. But that is contrary to the BIA's own characterization of its procedures. The BIA has held that when it remands a case to the IJ for completion of the required background checks, "no final order exists" and the IJ "reacquires jurisdiction over the proceedings." *In re M-D-*, 24 I. & N. Dec. at 141; *see also In re Alcantara-Perez*, 23 I. & N. Dec. 882, 883–84 (BIA 2006). Because the remand is "treated as effective for all purposes," the IJ may receive and consider additional evidence, without regard to the procedural limitations on filing a motion to reopen. *In re M-D-*, 24 I. & N. Dec. at 141–42 & n.3. If the new evidence "is material, was not previously available, and could not have been discovered or presented at the former hearing," the IJ may rely on it to reconsider forms of relief previously denied and to consider additional forms of relief not previously raised. *Id.* at 141–42. And, if the background checks reveal

negative information, the IJ can of course deny forms of relief previously granted.  Thus, whether an alien will be allowed to remain in the United States depends entirely on what the IJ decides on remand after receiving the results of the background checks and considering any new evidence submitted.

We owe deference to the agency's views on finality unless they conflict with the plain language of the controlling statute.  *Cf. Ocampo v. Holder*, 629 F.3d 923, 926–27 (9th Cir. 2010).  No such conflict exists here.  In fact, the agency's view—that orders remanding for completion of background checks are not "final"—is fully consistent with the ordinary meaning of that word.  "Final" in this context generally refers to an order "ending a court action or proceeding leaving nothing further to be determined by the court or to be done except the administrative execution of the court's finding but not precluding an appeal."  WEBSTER'S THIRD NEW INT'L DICTIONARY 851 (2002).  That is the way "final agency action" has been construed under the Administrative Procedure Act, where finality (and thus the right to judicial review) is pegged to issuance of an order that "marks the consummation of the agency's decisionmaking process." *Sackett v. EPA*, 132 S. Ct. 1367, 1372 (2012) (internal quotation marks omitted).  As discussed above, when the BIA remands for completion of background checks, administrative proceedings remain ongoing and the agency's decisionmaking process is by no means consummated.

In light of the controlling statutory text and regulations, as well as the agency's sensible position on the non-finality of the remand orders at issue, this should be an easy case to resolve.  We should align ourselves with the Third Circuit and hold that the BIA's November 2008 order remanding the

case for completion of background checks was not a final order of removal. *See Vakker v. Att'y Gen.*, 519 F.3d 143, 147 (3d Cir. 2008). The only final order was the IJ's March 2011 order granting Ms. Abdisalan withholding of removal following completion of the required background checks on remand. Since Ms. Abdisalan had already exhausted all administrative remedies available before the BIA, there was no need for her to make a return trip to that body. *See* 8 U.S.C. § 1252(d)(1); *Carlos-Blaza v. Holder*, 611 F.3d 583, 587 & n.4 (9th Cir. 2010) (exercising jurisdiction over direct petition for review from IJ's removal order). The March 2011 order therefore became final upon expiration of the period in which Ms. Abdisalan was permitted to seek review by the BIA. *See* 8 U.S.C. § 1101(a)(47)(B)(ii). Ms. Abdisalan filed a timely petition for review in our court from the March 2011 order, and we have jurisdiction to address all properly exhausted issues subsumed within that order, including the denial of her asylum claim. *See* 8 U.S.C. § 1252(b)(9); *Go v. Holder*, 640 F.3d 1047, 1051–52 (9th Cir. 2011).

## II

The majority concludes that the analysis sketched out above is foreclosed by our decision in *Li v. Holder*, 656 F.3d 898 (9th Cir. 2011). I might have agreed had our court not subsequently limited *Li* to its facts in *Ortiz-Alfaro v. Holder*, 694 F.3d 955 (9th Cir. 2012).

In *Li*, the BIA upheld an IJ's decision denying the petitioner asylum but granting withholding of removal and relief under the Convention Against Torture (CAT). As in this case, the BIA remanded under 8 C.F.R. § 1003.1(d)(6) for completion of the required background checks. *Li*,

656 F.3d at 899. We acknowledged that "[t]he BIA's order remanding the case is not a final order." *Id.* at 902. But we nonetheless held that we had jurisdiction to review the *portion* of the order that denied Li's asylum claim, since that claim was not the subject of the remand and there was nothing left for the BIA to consider with respect to that claim. *Id.* at 904.[1]

In *Ortiz-Alfaro*, 694 F.3d at 959, we noted that *Li*'s holding is in considerable tension with *Go v. Holder*, 640 F.3d 1047 (9th Cir. 2011). In *Go*, the BIA upheld the IJ's denial of asylum and withholding of removal in 2005, but remanded for consideration of Go's CAT claim. On remand, the IJ rejected Go's CAT claim and the BIA affirmed that ruling in 2006. We held that the BIA's 2005 decision was *not* a final order of removal. *Id.* at 1051. To be sure, the 2005 decision was "final" with respect to Go's asylum and withholding of removal claims; as in *Li*, there was nothing left for the BIA to consider with respect to those claims, and they were not the subject of the remand. But we held that no final order of removal existed at that point because administrative proceedings regarding the CAT claim were ongoing. *Id.* Go's order of removal did not become final

---

[1] The court justified this holding, following the Seventh Circuit's lead in *Viracacha v. Mukasey*, 518 F.3d 511, 513 (7th Cir. 2008), based on the mistaken assumption that a petitioner whose background checks did not reveal any new information could not appeal the IJ's final order on remand. *Li*, 656 F.3d at 902, 904. That assumption was mistaken because a petitioner in those circumstances, while precluded from appealing again to the BIA, could seek review in our court by directly petitioning for review of the IJ's order, which would encompass all issues decided earlier by the BIA. *See* 8 U.S.C. § 1252(b)(9); *Carlos-Blaza*, 611 F.3d at 587 & n.4; *Vakker*, 519 F.3d at 148.

until 2006, the point at which the BIA had rejected all of his claims for relief. *Id.* at 1052.

As we put it in *Ortiz-Alfaro*, "*Go* appears to be at odds with *Li* because *Go* held that there was no final removal order until all forms of relief were denied while *Li* held that the final removal order was not contingent on the denial of all forms of relief." *Ortiz-Alfaro*, 694 F.3d at 959. We resolved that tension by limiting *Li* to its facts. We noted that in *Li*, by the time this court exercised jurisdiction to review Li's claims, "all administrative proceedings had concluded"—the Department of Homeland Security had completed the required background checks and the IJ on remand had entered a final order granting Li withholding of removal. *Id.* We relied on that limitation of *Li* in *Ortiz-Alfaro*, where we held that a reinstated removal order was not final because administrative proceedings regarding Ortiz's eligibility for withholding of removal were ongoing. *Id.* at 958–59. Even though Ortiz sought to challenge the validity of the reinstatement order, which was not at issue in the ongoing administrative proceedings, we held that we lacked jurisdiction "[a]s long as administrative proceedings are ongoing in Ortiz's case." *Id.* at 959.

That should likewise be our conclusion here. The BIA's November 2008 remand order was not a final order of removal because administrative proceedings were ongoing in Ms. Abdisalan's case. The majority's notion that finality can be analyzed on a claim-by-claim basis—with the ruling on Ms. Abdisalan's asylum claim being treated as final in 2008 while administrative proceedings regarding her withholding of removal claim were ongoing—does not survive *Ortiz-Alfaro*. That is no great loss. As *Li* itself acknowledged, analyzing finality claim by claim would breed piecemeal

litigation, requiring separate petitions for review from the "denials of relief that flow from the results of background checks." *Li*, 656 F.3d at 904. In *Li*, that would have meant one petition to review the denial of the asylum claim and, had the background checks resulted in a denial of withholding of removal and CAT relief, a second petition to review those claims. Contrary to the majority's suggestion, *see* Maj. op. at 16, that mode of analysis does nothing to further the interest in judicial economy.

Under *Ortiz-Alfaro*, the BIA's November 2008 decision in this case was not a final order of removal. That order was undoubtedly "final" with respect to Ms. Abdisalan's asylum claim. But administrative proceedings regarding Ms. Abdisalan's eligibility for withholding of removal were ongoing at that point, and those proceedings did not conclude until the required background checks were completed. The IJ's March 2011 order granting Ms. Abdisalan withholding of removal is the "final order of removal" in this case. 8 U.S.C. § 1252(b)(1). We have jurisdiction over her timely filed petition for review from *that* order, and we should exercise it to correct the BIA's erroneous ruling declaring her asylum application time-barred.

### III

If we conceive of law "as the effort of reason to discover justice," Felix Frankfurter, *Judge Learned Hand*, 60 HARV. L. REV. 325, 326 (1947), the majority's opinion must be ranked as a failure of that enterprise. The rule the majority invokes to dismiss this appeal is not supported by reason, and it most certainly does not advance the discovery of justice, whether in this or any similar case.