# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUNMING LI,

Petitioner,

v.

ERIC H. HOLDER JR., Attorney General,

Respondent.

No. 07-71027

Agency No.
A099-626-516

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2011*
Pasadena, California

Filed September 1, 2011

Before: Ferdinand F. Fernandez, Pamela Ann Rymer, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tallman

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

William Kiang, Esq., Kiang & Kiang, San Gabriel, California, for petitioner Junming Li.

Jeffrey S. Bucholtz, Mark C. Walters, Thomas B. Fatouros, Department of Justice, Washington, D.C., for respondent Eric H. Holder.

# OPINION

TALLMAN, Circuit Judge:

Junming Li, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals (BIA). The BIA affirmed the immigration judge's (IJ) decision denying asylum in the exercise of discretion. The Board balanced the likelihood of persecution and its severity against the negative factors in the record and agreed with the IJ that Li's method of entry into the United States—being concealed in a metal box that was welded to the bottom of a car and driven across the border in the desert heat—was so dangerous that asylum should be denied.

The only issue on appeal before the BIA was the IJ's decision to deny asylum, which the BIA affirmed. However, because the IJ had also granted relief in the form of withholding of removal (and, alternatively, the Convention Against Torture (CAT)), the BIA remanded pursuant to 8 C.F.R. § 1003.1(d)(6) to allow the Department of Homeland Security (DHS) to complete background checks required before withholding of removal can be granted.

Li appeals the BIA's decision related to the denial of asylum. After Li filed his appeal with us, DHS successfully completed the background checks and the IJ signed and filed a one-page standardized form confirming that withholding of removal had been granted. The form also indicates that appeal from that order was waived.

We conclude that we have jurisdiction despite the BIA's limited remand pursuant to § 1003.1(d)(6), and we deny the petition for review.

# I

Li, a citizen of China, fears persecution and torture by Chinese officials for practicing Falun Gong, a spiritual exercise.

Other practitioners of Falun Gong have been beaten, interned in labor camps, and hospitalized involuntarily. Li's persecution led him to flee China in November 2004, along with his mother and older brother, and join his father in Mexico. Li's father had temporary immigrant status in Mexico that allowed him to work at a restaurant there, which enabled Li to attain a visa and live with his family. However, in 2006, Li's father lost his job and, as a result, Li could no longer live in Mexico.

When he inquired into obtaining asylum, Li was advised that Mexico does not grant asylum to Chinese applicants and returns them to China. He was also warned that if he attempted to walk across the border and seek asylum in the United States, he might be deported.

Li's father agreed to pay a smuggler $5,000 to take Li across the United States border. The smuggler placed Li into a small iron box that was welded to the bottom of a vehicle. Once inside the box, Li was unable to extricate himself without assistance and had no means of communicating with the driver; he could not turn over or see outside of the compartment except for occasional glances at the road below. Li remained in the box for more than forty minutes as the driver transported him across the California desert at a time of year when temperatures often exceed 100 degrees Fahrenheit, though it is unclear from Li's testimony what time of day he was traveling.

The IJ determined that Li was credible and granted withholding of removal and alternative relief under the CAT. The IJ also found that Li was eligible for asylum, which provides greater benefits than the other forms of relief, but denied asylum as an exercise of discretion because the method of Li's entry was so dangerous, "to grant asylum in this case would encourage other individuals . . . to enter the United States by risking their lives by cramming themselves into these boxes." The court emphasized that because Li had received withholding of removal and alternative relief under the CAT, he would

have adequate protection from persecution, even without asylum.

The BIA agreed and stressed that Li had been aware he could simply walk to the United States and request asylum, yet he chose to avoid detection by employing a dangerous approach. The Board noted that Li was young and did not have a spouse or child that might be affected by denial of his asylum application. It also found significant that in agreeing to be smuggled in such a dangerous manner, Li had placed himself in a more dangerous position than he would have faced if he had been deported to China, and that he was not compelled to leave Mexico, where he had never seriously pursued asylum. The BIA further reasoned that because Li had received withholding of removal, removal was not a direct consequence of the IJ's discretionary denial of asylum. After dismissing the appeal, the BIA remanded pursuant to 8 C.F.R. § 1003.1(d)(6) for the purpose of allowing the DHS to complete background investigations required before a petitioner may actually receive withholding of removal. On March 19, 2007, Li filed a petition for review of the BIA's dismissal of his appeal on the asylum question. On September 15, 2008, after Li had been cleared through background checks, the IJ entered an order confirming that withholding of removal had been granted.

## II

Our review is confined to the BIA's decision except to the extent the BIA incorporated the IJ's decision. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). The BIA incorporated the IJ's factual findings, including his determination that Li is credible. We therefore accept Li's testimony before the IJ as true. *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000). Questions of law are reviewed de novo. *Arteaga v. INS*, 836 F.2d 1227, 1228 (9th Cir. 1998).

Where a grant or denial of asylum is based on the exercise of discretion, that decision is reviewed for abuse of discretion.

*Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir. 1999). When exercising discretion, the BIA must consider both favorable and unfavorable factors. *Gulla v. Gonzales*, 498 F.3d 911, 917-19 (9th Cir. 2007); *see also Matter of Pula*, 19 I. & N. Dec. 467, 473 (B.I.A. 1987) ("Instead of focusing only on the circumvention of orderly refugee procedures, the totality of the circumstances and actions of an alien in his flight from the country where he fears persecution should be examined in determining whether a favorable exercise of discretion is warranted."). The BIA abuses its discretion if its decision is "arbitrary, irrational, or contrary to law." *Lopez-Galarza v. INS*, 99 F.3d 954, 960 (9th Cir. 1996) (internal quotations and citations omitted).

### III

**[1]** We must first determine whether we have jurisdiction to review the BIA's order dismissing Li's challenge to the IJ's decision denying asylum. The Government argues that because the BIA remanded the case to the IJ for the completion of DHS background checks, the order of removal is not final, depriving us of jurisdiction. While we have exercised jurisdiction over BIA determinations involving remands under certain circumstances, *see, e.g.*, *Castrejon-Garcia v. INS*, 60 F.3d 1359 (9th Cir. 1995), we have not explicitly addressed whether jurisdiction exists after the BIA affirms denial of relief, but remands pursuant to 8 C.F.R. § 1003.1(d)(6) for completion of background checks that are required before alternative relief may be granted. We conclude that in such a situation, we have jurisdiction to review the decision denying relief.

We have jurisdiction to review final orders of removal or deportation. 8 U.S.C. § 1252; *see also Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009) ("[W]here there is no final order of removal, this court lacks jurisdiction even where a constitutional claim or question of law is raised."). An order is "final" when the BIA affirms the order or when the period

in which the alien is permitted to seek review of the order expires. 8 U.S.C. § 1101(a)(47)(B). The terms "order of removal" and "order of deportation" are for these purposes interchangeable, *Lolong v. Gonzales*, 484 F.3d 1173, 1177 n.2 (9th Cir. 2007) (en banc), and mean the alien has been found "deportable" or has been ordered deported. 8 U.S.C. § 1101(a)(47)(A).

We have recognized that "[t]he IJ's grant of relief, whether in the form of asylum or withholding of removal on other grounds, necessarily requires the IJ to have already determined that the alien is deportable. Under the INA, this determination by the IJ constitutes an 'order of deportation.' " *Lolong*, 484 F.3d at 1177; *see also Pinto v. Holder*, No. 06-73369, 2011 WL 3523718, at *2-3 (9th Cir. Aug. 12, 2011). However, the Supreme Court has explained that the term "final order" includes "all matters on which the validity of the final order is contingent." *INS v. Chadha*, 462 U.S. 919, 938 (1983) (internal quotations and citations omitted). Thus, if an order that would otherwise be final for purposes of jurisdiction depends in part or in whole on an unresolved matter, we do not review it.

The regulation requiring background checks as a prerequisite to granting relief from removal places limits on when the BIA may issue a final decision granting that relief. Where background checks are required but have not yet been completed, the BIA must either issue an order remanding the case to the IJ with instructions to allow the DHS to complete the background checks, or provide notice to both parties that the case is on hold pending completion of the background checks. 8 C.F.R. § 1003.1(d)(6)(ii); *see also In Re Alcantara-Perez*, 23 I. & N. Dec. 882, 883 (B.I.A. 2006).

The BIA's order remanding the case is not a final order. Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals, 70 Fed. Reg. 4743-01, 4748 (Jan. 31, 2005). Upon

remand, *if* the background checks reveal new information, "the immigration judge may hold a further hearing if necessary to consider any legal or factual issues, including issues relating to credibility, if relevant." 8 C.F.R. § 1003.47(h). Once he has considered any new background evidence, the IJ must enter an order confirming that relief is granted or denying relief based on the new evidence. *Id.* If new evidence has been presented and the IJ denies relief, the parties may appeal the IJ's decision. 70 Fed. Reg. at 4748 ("The immigration judge's decision following remand *may be appealed* to the Board as provided by §§ 1003.1(b) and 1003.38 *if there is any new evidence* in the record as a result of the background investigation.") (emphasis added).

Thus, on remand pursuant to § 1003.1(d)(6), the IJ is not free to make changes to the initial order unless the background checks reveal new evidence. In such an instance, the IJ may reconsider the merits of his initial grant of relief. Where the IJ initially denied relief, a background check will usually be irrelevant and is therefore not required. § 1003.1(d)(6)(iv); *see also* 70 Fed. Reg. at 4748 ("[T]his rule . . . provides that the Board is not required to remand or hold a case under § 1003.1(d)(6) if the Board decides to dismiss the respondent's appeal or deny the relief sought."). The background checks are only prerequisites to the *granting* of relief. "[W]here the Board determines that the respondent's appeal should be dismissed or the alien is ineligible for the relief sought . . . there is no reason to delay the Board's disposition of the case." 70 Fed. Reg. at 4748-49.

The difficulty here is that Li was both denied and granted partial relief. The Government cites multiple immigration cases holding that the BIA's order is not final where remanded for purposes of a DHS background check, but none of those cases involve situations in which the IJ had both granted and denied portions of the relief sought.

While we have not yet decided this specific question, at least two other circuits have grappled with it. The Seventh

Circuit considered whether it could exercise jurisdiction to review a decision denying relief despite a remand pursuant to § 1003.1(d)(6) and determined that it could. *See Viracacha v. Mukasey*, 518 F.3d 511, 513-14 (7th Cir. 2008). In reaching its conclusion, the court summarized the dilemma that failing to exercise jurisdiction would create for petitioners: "The Attorney General's position leaves the aliens trapped: They can't seek judicial review of the asylum question because the Board's order is non-final, and they can't seek review of the IJ's decision [on remand] because it is favorable." *Id.* at 513. The court concluded that because the exercise of appellate jurisdiction requires a final order of removal, "not simply a 'final' order of the Board," *id.*, and because such an order existed, it had jurisdiction. The court reasoned, as we have, that any order granting relief presupposes an order of removability. *Id.* at 514; *see also Lolong*, 484 F.3d at 1177.

The Third Circuit, in considering whether it could exercise jurisdiction over the BIA's order denying asylum and withholding of removal even though the BIA had affirmed CAT relief and remanded under § 1003.1(d)(6), also held that it had jurisdiction. *See Yusupov v. Att'y Gen.*, 518 F.3d 185, 196 (3d Cir. 2007). However, the court suggested that if the relief granted had been withholding of removal instead of CAT, it might *not* have had jurisdiction. *Id.* (holding that where the BIA denied asylum and other relief but upheld the decision to grant relief under the CAT, its remand for purposes of completing background checks pursuant to § 1003.1(d)(6) merely concerned "administrative matters [that] do not affect the controlling removal determination"); *cf. id.* at 196 n.19 (explaining that in *Vakker v. Att'y Gen.*, 519 F.3d 143 (3d Cir. 2008), the court lacked jurisdiction where a remand under § 1003.1(d)(6) followed the BIA's granting of withholding of removal, as opposed to granting relief under the CAT, because in the former case the decision on remand had the potential to affect the validity of the order of removal). We note, however, that in *Vakker*, the BIA had denied a motion

to reopen, not alternative relief from removal, which distinguishes it from the case at hand.

We have considered the jurisdictional effect of a remand in contexts other than § 1003.1(d)(6). In *Castrejon-Garcia v. INS*, for instance, we considered whether we had jurisdiction over an appeal from a BIA decision where the BIA had reversed the IJ's grant of relief and remanded for a determination of voluntary departure in lieu of deportation. 60 F.3d at 1361. We determined we could exercise jurisdiction because "there was nothing pending before the Board and the petitioner had no reason or basis for appealing the Immigration Judge's decision in his favor. He properly appealed the final order requiring his deportation." *Id.* at 1361-62.

More recently, in *Go v. Holder*, 640 F.3d 1047 (9th Cir. 2011), we concluded that a BIA decision that affirmed denial of asylum and withholding, but remanded for reconsideration of a CAT claim was not a final order for purposes of jurisdiction. Other than the fact that *Go* did not involve a remand under § 1003.1(d)(6), that case is distinguishable from the case at hand in at least three ways. First, the petitioner in *Go* did not concede removability. *Go*, 640 F.3d at 1050 ("Go contested removability and filed an application for asylum, withholding of removal, and protection under the CAT."). We have recognized that where removability is conceded, a final order that the petitioner is removable necessarily exists and we have jurisdiction over the related appeal. *See Muradin v. Gonzales*, 494 F.3d 1208, 1209 (9th Cir. 2007) (finding jurisdiction where the petitioner "conceded removability before the IJ"); *see also Lolong*, 484 F.3d at 1176, 1178 ("Because Lolong conceded removability and the IJ found that clear and convincing evidence supported a finding of removability, a final order of removal was entered. We therefore have jurisdiction to consider her petition for review of the BIA's reinstatement of that order.").

Second, the IJ in *Go* never granted any relief. *Go*, 640 F.3d at 1050 ("At the conclusion of the hearing, the IJ determined

that the evidence weighed against granting Go's claims for relief."). We have held that the granting of relief implies that a final determination of removability has been made. *See Lolong*, 484 F.3d at 1177 ("The IJ's grant of relief, whether in the form of asylum or withholding of removal on other grounds, necessarily requires the IJ to have already determined that the alien is deportable. Under the INA, this determination by the IJ constitutes an 'order of deportation.' "). Third, we note that here—unlike in *Go*—the BIA decided all of the matters before it and, as in *Castrejon-Garcia*, "there was nothing pending before the Board and the petitioner had no reason or basis for appealing the Immigration Judge's decision in his favor. He properly appealed the final order requiring his deportation." 60 F.3d at 1362.

**[2]** It is also significant that Li's right to appeal the IJ's decision on remand is contingent on whether the background checks reveal new evidence. 70 Fed. Reg. at 4748. If there is no new evidence, Li cannot appeal. Therefore, the BIA's order dismissing his appeal on the question of asylum is necessarily a final order. It was not the subject of the remand, and the board considered and decided the merits of the appeal before dismissing it. *See Castrejon-Garcia*, 60 F.3d at 1361-62; *see also Stone v. INS*, 514 U.S. 386, 390 (1995) ("There is no dispute that a deportation order 'become[s] final upon dismissal of an appeal by the Board of Immigration Appeals.' ").

**[3]** We therefore hold that where the BIA denies relief and remands pursuant to § 1003.1(d)(6) for background checks required for alternative relief, we have jurisdiction to consider an appeal of the final order denying relief. A possibility remains that, on occasion, we might have to review denials of relief that flow from the results of background checks separately from denials affirmed in the initial appeal, or that we might have to consolidate proceedings related to the same petitioner. However, that possibility "does not seem an onerous burden, nor is it one that cannot be avoided, at least in

large part, by appropriate action of the Immigration Service itself." *Cheng Fan Kwok v. INS*, 392 U.S. 206, 217 (1968). Our conclusion complies with our case law and ensures that petitioners retain a right to appeal denials of relief whose finality does not depend on the completion of background checks.[1]

---

[1]We note that in *In Re M-D-*, 24 I. & N. Dec. 138, 141-42 (B.I.A. 2007), the BIA held that where a case is remanded to an immigration judge pursuant to 8 C.F.R. 1003.47(h), and that remand is not specifically limited, the IJ "has authority to consider new evidence if it would support a motion to reopen the proceedings." However, nothing in that case suggests that a petitioner could use the remand as a venue to challenge orders denying relief that the BIA has affirmed. To the contrary, the Board explicitly instructs that on remand the IJ may not reconsider the BIA's prior decisions. *Id.* at 138, 141.

*In Re M-D-* merely recognizes the authority of the IJ to consider "new evidence" that might support a "motion to reopen," *id.*, a purely fact-based inquiry that does not allow for review of legal error, *Doissaint v. Mukasey*, 538 F.3d 1167, 1169-70 (9th Cir. 2008), and reiterates that after the remand, there is nothing pending before the BIA. *In Re M-D-*, 24 I. & N. Dec. at 141; *see also Stone*, 514 U.S. at 405-06 ("[A] deportation order is final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider [or reopen] . . . Where the original petition is still before the court, the court shall consolidate the two petitions."); *Castillo-Villagra v. INS*, 972 F.2d 1017, 1023-24 (9th Cir. 1992) (the filing of a motion to reopen is not a jurisdictional prerequisite to filing a petition for review with the court of appeals); *Berroteran-Melendez v. INS*, 955 F.2d 1251, 1254-55 (9th Cir. 1992) (a motion to reopen filed after the petition for review does not deprive this Court of jurisdiction and does not require a stay of proceedings).

*In Re M-D-* involved a petitioner who received withholding of removal but, because she had recently married, also wanted to apply for adjustment of status. The IJ believed he lacked jurisdiction to consider the new application for additional relief, but the BIA clarified that during the remand— if new evidence "would support a motion to reopen the proceedings,"— the IJ "may conduct further proceedings addressing the evidence as it relates to the relief requested before entering a new decision in that regard." *In Re M-D-*, 24 I. & N. Dec. at 142. We read this case as clarifying that upon remand an IJ may consider new evidence related to new applications for relief in addition to the "recommended relief" that is the subject of the remand, as long as that new evidence meets the threshold

**[4]** Applying this rule to Li's case, we have jurisdiction over the BIA's order dismissing his appeal. Neither Li's order of removal, his relief in the form of CAT, nor his denial of asylum were the subject of the remand. The only question the IJ considered on remand was whether, in light of any new information the DHS background checks provided, Li would receive withholding of removal as an alternative form of relief. We must acknowledge, however, that the unusual facts at play here warrant special consideration. In most instances, whether a petitioner receives one form of relief has no bearing on whether he is denied a different form of relief. And because the background checks are a condition only of withholding of removal, they would typically be irrelevant to an order denying asylum, a fact the regulations recognize.

This case is slightly more complicated because part of the rationale for denying Li's asylum application was that he had been granted alternative relief in the form of withholding of removal. In other words, the denial of asylum is in part contingent on the availability of alternative relief. The BIA reasoned that the IJ did not abuse his discretion in denying Li's application for asylum in part because "the respondent has already met the higher burden of proof applicable to withholding of removal, and thus removal is not a direct consequence of the discretionary denial of asylum in this case." Therefore, the validity of the BIA's decision arguably depends on an unresolved matter: the background checks.

**[5]** If we were uncertain as to whether withholding of removal would ultimately be granted, we could hold the case

---

requirement for a motion to reopen. *Id.* at 141. But a motion to reopen does not deprive us of jurisdiction, *Berroteran-Melendez*, 955 F.2d at 1254-55, and nothing in *In Re M-D-* allows the petitioner to challenge the initial finding of removability on which our jurisdiction is based, or the Board's prior denials of relief. Furthermore, nothing in *In Re M-D-* alters our conclusion that an appeal from the IJ's order on remand is contingent on the presentation of new evidence.

in abeyance pending a resolution of that uncertainty. As it turns out, however, we already know the result of the remand: the background checks cleared and Li received withholding of removal. Thus, we may proceed without concern as to the validity of the final order dismissing Li's appeal.

## IV

The IJ found that Li was eligible for asylum, but denied relief as an exercise of discretion due to the dangerous nature in which Li entered the United States. The IJ explained that the purpose of denying Li's application was to deter others seeking asylum from employing such perilous methods. After independently considering the facts and balancing "the likelihood of Li's persecution and its severity with the negative factors of record," the BIA affirmed.

Li argues that it is unfair to deny him asylum for the sake of teaching others a lesson. He emphasizes that at the time he crossed the border, he was a frightened nineteen-year-old, and argues that "[a] desperate person in his situation should not be blamed for apparent unreasonable behavior." Li also contends that the BIA's decision does not comply with *Matter of Pula*, which states that "the danger of persecution should generally outweigh all but the most egregious of adverse factors." 19 I. & N. Dec. at 474.

**[6]** While there is a sense of unfairness in singling out Li for the purpose of sending a message to other potential asylum seekers, the BIA is not required to grant asylum to every qualified applicant. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 428 n.5 (1987). Otherwise there would be no meaning behind the power to exercise a discretionary denial. In dismissing Li's appeal, the BIA considered Li's specific circumstances, including the positive and negative factors associated with asylum. For example, in addition to Li's method of entry, the BIA considered the likelihood and severity of persecution against Li if he returned to China; that other relief had

been granted; that Li did not have family members who would lose their legal status as a result of his denial of asylum; that Li was not compelled to leave Mexico; that his departure from Mexico was not triggered by an impending threat to him or his freedom; and that he was aware that he could walk to the United States and seek asylum, but in an attempt to avoid detection chose a significantly more dangerous method. The BIA concluded, after considering "all the circumstances of this case," that the IJ did not abuse his discretion in denying Li's asylum application.

**[7]** The BIA properly considered the totality of circumstances and weighed the relevant positive and negative factors when considering whether to dismiss Li's appeal. *See Matter of Pula*, 19 I. & N. Dec. at 473. Li's method of entry was egregious and he is protected from persecution through other forms of relief. Because the BIA's decision does not appear arbitrary, contrary to law, or irrational, there was no abuse of discretion. We therefore deny the petition.

## V

We have jurisdiction to review the BIA's final order denying relief in the form of asylum, despite the fact that the Board remanded pursuant to § 1003.1(d)(6). Because the BIA properly considered the totality of the circumstances and weighed the risk of persecution against the egregious nature of Li's entry into the United States, we deny the petition for review.

**Petition DENIED.**