**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1992**

DANIEL EXCELLENT, a/k/a Danny Excellent, a/k/a David
Excellent, a/k/a Thomas Excellent,

        Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: May 7, 2013           Decided: May 15, 2013

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per
curiam opinion.

Paul O'Dwyer, New York, New York, for Petitioner.  Stuart F.
Delery, Principal Deputy Assistant Attorney General, Stephen J.
Flynn, Assistant Director, Robert Michael Stalzer, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Excellent, a native and citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of Excellent's request for protection under the Convention Against Torture and denying his request to renew his application for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act. See 8 U.S.C. § 1182(c) (1994) (repealed 1996). For the reasons discussed below, we dismiss the petition for review in part and deny the petition in part.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including controlled substance offenses. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Excellent] [i]s an alien and whether []he has been convicted of [a controlled substance offense]." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional

2

claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

Because Excellent has conceded that he is a native and citizen of Haiti and that he has been convicted of a controlled substance offense, we lack jurisdiction over the petition for review absent a colorable constitutional claim or question of law. 8 U.S.C. § 1252(a)(2)(C). We therefore dismiss the petition for review in part.

To the extent that Excellent raises claims that fall under the jurisdictional exception set forth in § 1252(a)(2)(D), we have thoroughly reviewed these claims and the administrative record and we conclude that those claims lack merit. Excellent cannot state a colorable due process claim "because he has no property or liberty interest in the 'right' to discretionary section 212(c) relief." Smith v. Ashcroft, 295 F.3d 425, 430 (4th Cir. 2002); see Dekoladenu v. Gonzales, 459 F.3d 500, 508 (4th Cir. 2006) ("No property or liberty interest can exist when the relief sought is discretionary."), abrogated on other grounds by Dada v. Mukasey, 554 U.S. 1 (2008). Additionally, we discern no error in the Board's findings that its April 28, 2006 decision affirming the immigration judge's denial of § 212(c) relief was final, and that Excellent waived further review of the issue. See Jungming Li v. Holder, 656 F.3d 898, 904 n.1 (9th Cir. 2011) (explaining that nothing in Matter of M-D-, 24

3

I. & N. Dec. 138, 141 (B.I.A. 2007), "suggests that a petitioner could use the remand as a venue to challenge orders denying relief that the [Board] has affirmed," and clarifying that the case merely recognizes the immigration judge's authority to consider new evidence if it would support a motion to reopen the proceedings).

Accordingly, we dismiss the petition for review in part and deny the petition in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART</u>
<u>AND DENIED IN PART</u>

4