**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1000**

ZOUWERA SALIFOU,

             Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 9, 2013              Decided: July 17, 2013

Before AGEE, WYNN, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Sandra Greene, GREENE FITZGERALD ADVOCATES & CONSULTANTS, York, Pennsylvania, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Jeffrey J. Bernstein, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zouwera Salifou, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of Salifou's request to renew her applications for asylum, withholding of removal, and protection under the Convention Against Torture. The Board's order also denied Salifou's motion to remand.

We have thoroughly reviewed the record, including the prior decisions of the immigration court and the Board, Salifou's motions to reopen and remand, and the supporting evidence, and conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings. See 8 U.S.C. § 1252(b)(4)(B) (2006). We have also reviewed the denial of Salifou's motion to remand and find no abuse of discretion. See Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (setting forth standard of review).

Although we review legal issues de novo, see Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008), we find no support for Salifou's contention that she was entitled to a remand under Dada v. Mukasey, 554 U.S. 1 (2008), for a factual assessment as to her continued interest in voluntary departure following the filing of her motion to remand. We further discern no error in the agency's conclusion that review, upon

2

reopening, was limited to Salifou's eligibility for voluntary departure. See Jungming Li v. Holder, 656 F.3d 898, 904 n.1 (9th Cir. 2011) (explaining that nothing in Matter of M-D-, 24 I. & N. Dec. 138, 141 (B.I.A. 2007), "suggests that a petitioner could use the remand as a venue to challenge orders denying relief that the [Board] has affirmed" and clarifying that the case merely recognizes the immigration judge's authority to consider new evidence if it would support a motion to reopen the proceedings). Finally, we conclude that the Board properly declined to reinstate Salifou's grant of voluntary departure pursuant to 8 C.F.R. § 1240.26(c)(3)(ii) (2013).

We therefore deny the petition for review for the reasons stated by the Board. See In re: Salifou (B.I.A. Nov. 30, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED