OPINION
TALLMAN, Circuit Judge:
Sama Abdiaziz Abdisalan, a native and citizen of Somalia, petitions for review of the Board of Immigration Appeals’ (BIA or Board) decision dismissing her asylum claim for lack of timeliness. In its original decision, the BIA determined that Abdisa-lan neither satisfied her burden that she applied for asylum within one yéar of arrival, nor established extraordinary circumstances sufficient to excuse untimely filing of her application. However, the BIA remanded the case to the IJ to complete updated background checks related to the IJ’s unchallenged grant of withholding of removal. Following successful completion of another round of background checks, Abdisalan filed a second appeal to *1124 the BIA seeking review of the denial of her asylum claim. The BIA dismissed that appeal as an untimely motion to reconsider, and again remanded the case for a third set of updated background checks because her clearance had once more expired.
Abdisalan has now filed two petitions for review before us: (1) from the BIA’s second decision denying the motion to reconsider, and (2) following the IJ’s confirmation of successful completion of the third set of background checks. Despite their untimeliness, the sole focus of both petitions is to challenge the BIA’s original decision dismissing her asylum claim.
Because Abdisalan waited nearly two years to petition for review of the BIA’s original November 25, 2008, dismissal of her asylum claim—exceeding the thirty-day deadline to file an appeal in our Court—we lack jurisdiction to review this case now. Accordingly, we dismiss her petition.[1]
I
Abdisalan filed an application for asylum on March 28, 2002. The IJ held a merits hearing on July 9, 2007, to hear her claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Abdisalan had an opportunity to present her case through witness testimony, submitted background materials on country conditions, and declarations. In an oral decision announced August 8, 2007, while Abdisalan’s background checks were still current, the IJ granted withholding of removal to Somalia, but denied asylum as time-barred, and found she had not shown a clear probability of torture for protection under CAT. On appeal to the BIA, Abdisalan only challenged the denial of her asylum claim. The Board dismissed the appeal finding Abdisalan “statutorily ineligible for asylum” on November 25, 2008. In two separate line entries, the BIA dismissed the asylum appeal and remanded the “record” to the IJ to complete updated background checks.[2] Abdisalan chose not to file a petition for review before us of the BIA’s decision at that time.
On June 18, 2009, the IJ once again determined that the background checks were satisfactory, confirming Abdisalan’s continued entitlement to withholding of removal. Abdisalan filed a second appeal to the BIA, and on September 24, 2010, the Board found that “any attempt to use this appeal to reach issues resolved in [the] November 25, 2008, order is, at bottom, an untimely motion to reconsider that will be denied.” The BIA “summarily dismissed” the appeal finding that it did “not challenge an issue of fact or law material to the Immigration Judge’s June 18, 2009, order.” In conclusion, the BIA again remanded the case to the IJ to enter the same relief granted previously on August 3, 2007, when “background cheeks and security investigations were complete and current.” Abdisalan filed a petition for review of this BIA decision with us on October 13, 2010.
On March 28, 2011, her background checks cleared a third time, and the IJ reentered the same determination he origi *1125 nally made on August 3, 2007, granting continued entitlement to withholding of removal. Abdisalan bypassed any attempt to appeal this decision to the BIA and instead filed a second petition for review directly with us on April 21, 2011. The two petitions for review were later consolidated here.
II
We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). “We review de novo the BIA’s interpretation of purely legal questions.” Zheng v. Ashcroft, 332 F.3d 1186, 1193 (9th Cir.2003).
III
This case turns on when an order of removal is considered “final” for purposes of judicial review and revisits our precedent on how to treat a mixed decision that grants one form of immigration relief while denying another. Abdisalan’s appeals to the BIA and petitions for review before us focus only on the IJ’s denial of asylum. The BIA upheld that decision on November 25, 2008, and no petition for review was filed within thirty days from the Board’s decision as the law requires. See 8 U.S.C. § 1252(b)(1). Therefore, the BIA’s resolution of that claim necessarily became final. See 8 U.S.C. § 1101 (a)(47)(B)(ii). Abdisalan’s failure to file a timely petition for review of the BIA’s decision denying her claim for asylum precludes our jurisdiction now.
A
In her original application, Abdisalan sought asylum, withholding of removal, and protection under CAT. See 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 1208.16. The merits hearing to adjudicate these claims, held July 9, 2007, provided Abdisa-lan “a full and fair hearing of h[er] claims and a reasonable opportunity to present evidence on h[er] behalf.” Colmenar v. I.N.S., 210 F.3d 967, 971, (9th Cir.2000); see also 8 U.S.C. § 1229a(b)(4). On appeal, the BIA found Abdisalan statutorily ineligible for asylum.[3]
A petition for review must be filed within thirty days of the final order of removal. 8 U.S.C. § 1252(b)(1). An order becomes final upon the earlier of the BIA’s affir-mance of the IJ’s order or the expiration of the period in which an alien may seek review of the IJ’s order. 8 U.S.C. § 1101(a)(47)(B). “This time limit is mandatory and jurisdictional.” Yepremyan v. Holder, 614 F.3d 1042,- 1043 (9th Cir.2010) (per curiam) (internal quotation marks removed). When granting relief pursuant to 8 C.F.R. § 1003.47(b), such as withholding of removal, the BIA “shall not issue a decision affirming ... relief or protection from removal” if the results'of the prior background checks “áre no longer current under the standards established by DHS and must be updated.” 8 C.F.R. § 1003.1(d)(6)(i)(B).
The dissent attempts to conflate the pri- or decisions regarding Abdisalan’s claims, but the granting of withholding of removal and related remand to update background checks is an issue distinct and apart from the denial of her asylum claim. Each comes with its own finality determination, timing, and statutory context. Abdisalan never appealed the IJ’s grant of withholding of removal, nor the BIA’s remand for updated background checks because that relief was awarded in her favor. Accordingly, we may not review that issue here. Our jurisdiction to review the asylum claim expired long ago when Abdisalan failed to file a petition for review within thirty days of the BIA’s decision affirming the IJ’s adverse determination. Failure to seek review of that final order of removal in a *1126 timely manner prevents our review on appeal.
The dissent looks to the Executive Office for Immigration Review’s guidance regarding remands for background checks, but that guidance focuses on the much simpler question of the agency’s obligation to have current background checks prior to confirming the grant of relief from removal, codified at 8 C.F.R. § 1003.1(d)(6). Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals, 70 Fed.Reg. 4743, 4746-49 (Jan. 31, 2005). It does not speak to the specific scenario of a mixed decision, such as Abdisalan’s, in which one form of relief is granted while another is denied. This is because “the Board is not required to remand or hold a case under § 1003.1(d)(6) if the Board decides to dismiss the respondent’s appeal or deny the relief sought.” Id. at 4748. This guidance is simply inapplicable and does not speak to the finality of Abdisalan’s asylum claim, the dispositive issue before us now.
Abdisalan’s inconsistent arguments regarding the finality of the asylum claim highlight her failure to timely appeal. In her opening brief for Case No. 11-71124, she first argued that the BIA’s September 24, 2010, decision “constitute^] a ‘final order of removal’ for purposes of judicial review ... that was unaltered by its remand to the IJ” because “nothing [was] currently pending before the Board.” But that was true at the time of the Board’s original November 25, 2008, determination, which was, and remains, the final order of removal. In supplemental briefing to us, which we ordered following oral argument in the consolidated appeals, Abdisalan switched position and now argues that “only one order—the IJ’s ultimate order of March 28, 2011—is strictly a ‘final order of removal.’ ”[4] Analysis of our current precedent forecloses both of the arguments advanced by the Petitioner. The BIA’s 2008 decision was final and started the thirty-day clock to petition for review.
Our dissenting colleague chooses to ignore the procedural posture of this case and the fact that our conclusion is consistent with the BIA’s treatment of it. By considering Abdisalan’s subsequent appeal as an untimely motion to reconsider, the BIA, too, understood that the adjudication of her asylum claim was final in 2008.
To take our colleague’s analysis to its logical conclusion, there might never be finality based on an endless cycle of remands necessitated by updating expired background clearances. Here, they have had to be redone on three separate occasions. There could be no end to this process under the dissent’s view of the law. The appropriate interpretation of our precedent is that a petitioner must challenge the substance of the BIA’s decision on a timely basis. Therefore, we lack jurisdiction to review her asylum claim now.
B
Li v. Holder, 656 F.3d 898, 899, 905 (9th Cir.2011), dealt with similar questions of finality of a removal order and jurisdiction, however Li timely petitioned for review of the BIA’s decision, establishing our jurisdiction. In Li, the IJ granted withholding of removal or alternative protection under CAT, but denied asylum. Id. at 900. As in Abdisalan’s case, the BIA affirmed the IJ’s denial of asylum—the only question on *1127 appeal—but remanded Li’s case to await current background checks pursuant to 8 C.F.R. § 1003.1(d)(6). Id. at 899. Despite the remand, Li filed a timely petition for review within 30 days of the BIA’s denial of asylum. Id.
We held that “where the BIA denies relief and remands pursuant to § 1003.1(d)(6) for background checks required for alternative relief, we have jurisdiction to consider an appeal of the final order denying relief.” Id. at 904; Anna-chamy v. Holder, — F.3d-,-, No. 07-70336, 2013 WL 4405687, at *2 (9th Cir. August 19, 2013) (quoting the same language from Li). Li’s order of removal was final because the “BIA decided all the matters before it,” and “there was nothing pending before the Board.” Li, 656 F.3d at 904. The IJ had already held the merits hearing and determined that Li was eligible for withholding of removal or alternative protection under CAT, but ineligible for asylum. Id. at 900.
The only outstanding issue for the IJ to review upon remand was the “procedural requirement” of successful completion of background checks pursuant to 8 C.F.R. § 1003.1(d)(6). See 70 Fed.Reg. at 4746 (describing remand for background checks as a procedural requirement). The limited right to appeal following remand is contingent on whether the background checks reveal new evidence. Id. at 4748; Li, 656 F.3d at 904. And, if new evidence raises a legal or factual issue, review of that evidence is necessarily limited to its potential impact on the grant of relief, because remand is not required for denial of relief. 8 C.F.R. §§ 1003.1(d)(6)(iv), 1003.47(h); Li, 656 F.3d at 902. Any new evidence would not open up the case for reconsideration of other separate and distinct substantive claims that had previously been denied.[5]
In * this case, Abdisalan’s unsuccessful asylum claim was necessarily final at the time of the BIA’s 2008 remand. The only portion of her case in question at the time of remand related to confirming the agency’s grant of withholding of removal, a determination she has never challenged. The same reasons that established our jurisdiction to review Li’s asylum claim at the time of remand now foreclose our ability to review Abdisalan’s asylum claim. Rather than timely petitioning for review of the BIA’s November 25, 2008, final order of removal, she waited until after completion of the background checks. Her delay unfortunately deprives us of jurisdiction over her asylum claim on appeal.
Go v. Holder, 640 F.3d 1047 (9th Cir. 2011), also considered the question of jurisdiction and the finality of a removal order. There, the BIA affirmed the denial of asylum and withholding of removal in 2005, but remanded the IJ’s denial of CAT protection for further proceedings. Id. at 1050. After the BIA issued a second order denying CAT protection in 2006, we found jurisdiction to review the merits of both the earlier 2005 decision and the 2006 decision. Id. at 1051.
Although at first blush our jurisdiction over both decisions in Go might appear inconsistent with Li, jurisdiction is a fact-intensive question determined individually *1128 for each case on petition for review. “Go held that there was no final removal order until all forms of relief were denied,” whereas, “Li held that the final removal order was not contingent on the denial of all forms of relief.”[6] Ortiz-Alfaro v. Holder, 694 F.3d 955, 959 (9th Cir.2012). However, the Li decision distinguished Go on three grounds to explain the difference in our jurisdictional analysis, and each equally apply to Abdisalan’s case. Li 656 F.3d at 903-04.
Most importantly, in Li, as well as in this case, the BIA had already decided all “the matters before it” prior to remand. Id. at 904. The record had been fully developed, and the BIA had considered all of the petitioner’s arguments. Id. at 899-900. By contrast, in Go, the BIA found that “the IJ may not have considered various country reports” and expressed concern that testimony was “improperly excluded.” Go, 640 F.3d at 1050-51. The IJ accordingly held additional proceedings to further develop the record. Id. at 1051. If Go had petitioned for review of the BIA decision at the time of remand, as Li did, it would have been premature because Go’s CAT claim was still under consideration, and therefore he was still challenging a pending substantive issue. Thus, in Go, it was only after the BIA denied the CAT claim that a final order of removal existed to serve as the basis for our jurisdiction over both of the BIA’s decisions.
In contrast, this case is equivalent to Li because no substantive challenges remained at the time of the BIA’s remand. The BIA specifically noted that “[i]n light of the Immigration Judge’s unappealed grant of withholding of removal” it would remand the “record,” but the BIA made no reference to remanding the entire case. The BIA found Abdisalan statutorily ineligible for asylum and clarified that she did not appeal the denial of protection under CAT. The only outstanding issue upon remand was whether the background checks would clear again to support continued withholding of removal. The BIA highlighted this point when it dismissed Abdi-salan’s second appeal. The Board concluded Abdisalan’s “sole purpose” on appeal was to challenge the November 25, 2008, asylum decision, which was not an “issue of fact or law material” to the IJ’s order on remand. Consequently, Abdisalan’s asylum claim would have been ripe for our review in 2008, but is now foreclosed.
Li points to two additional differences to support a finding that a final order of removal existed; differences that were not present in Go, but which are present in Abdisalan’s case. First, Go contested re-movability, while Li and Abdisalan conceded removability. Li 656 F.3d at 903. “We have recognized that where remova-bility is conceded, a final order that the petitioner is removable necessarily exists[,] and we have jurisdiction.” Id. Second, the IJ in Go originally denied all forms of relief, whereas the IJ granted withholding of removal for Li and Abdisalan, and the BIA upheld that decision. Id. “We have held that the granting of relief implies that a final determination of removability has been made.” Id. (citing Lolong v. Gonzales, 484 F.3d 1173, 1177 (9th Cir.2007)). Therefore, no tension exists between our holdings in Li and Go. Rather, it was the distinct facts of each case that determined whether or not a final order of removal existed, and consequently whether we had jurisdiction to review the claim.
*1129 In Ortiz-Alfaro, like Go, we determined that we lacked jurisdiction to review the petitioner’s claim because he still had an unresolved possible avenue for relief, and no final order of removal existed. 694 F.3d at 959-60. Ortiz-Alfaro was charged with illegal reentry under 8 C.F.R. § 241.8(a). Id. at 956. In illegal reentry cases, the alien may contest the reinstatement of the prior order of removal by asserting “a fear of returning to the country designated.” Id. The case is then referred to an asylum officer. Id. If the asylum officer determines the alien has not established a reasonable fear, the alien may appeal that determination to an IJ. Id. at 956-57. However, in Ortiz-Alfaro, the “[rjeview of the asylum officer’s determination by an IJ ha[d] yet to take place.” Id. at 957. Unlike here, Ortiz-Alfaro’s withholding of removal claim remained undeveloped at the time he filed his petition for review. Id. The IJ had not reviewed the reasonable fear determination, developed the record for that claim, or denied withholding of removal. Id. Accordingly, we found that we lacked jurisdiction because no final order of removal existed, as substantive issues remained. Id. at 959.
Our analysis in these cases also coincides with the BIA’s decision in In re MD-, 24 I. & N. Dec. 138, 141-42 (B.I.A. 2007). The BIA there held that on remand for background checks the IJ had “authority to consider new evidence if it would support a motion to reopen the proceedings,” but that holding did not allow the petitioner to “use the remand as a venue to challenge orders denying relief that the BIA ha[d] affirmed.” Li, 656 F.3d at 904 n. 1. “To the contrary, the Board explicitly instructed] that on remand the IJ may not reconsider the BIA’s prior decisions.” Id.; M-D-, 24 I. & N. Dec. at 138. Although the petitioner could file a motion to reopen for possible new forms of relief, that action did not alter the already existing final order of removal. Li, 656 F.3d at 904 n. 1.
IV
Our dissenting colleague invokes the wbrds of Felix Frankfurter to suggest that in the name of justice, we should ignore the law for this case. But the character of Sir Thomas More in Robert Bolt’s A Man for All Seasons answers the dissent’s call as Chancellor More describes his resistance to an entreaty to swear an oath of allegiance to King Henry VIII and approve an unlawful act. Act 1, p. 66 (Random House 5th Printing 1962). “This country’s planted thick with laws from coast to coast—man’s laws, not God’s—and if you cut them down ... d’you really think you could stand upright to the winds that would blow then?” Id. The law cannot be bent to accommodate every desired exception merely by invoking the word “justice.”
■ Our precedent is consistent. Petitioners must file their petitions for review within thirty days of the BIA’s determination of their applicable claims for asylum, withholding of removal, and protection under CAT. Judicial economy and a preference for finality underpin this requirement. If these steps have been followed, a final order of removal exists, and we have jurisdiction. “Where the BIA denies relief and remands pursuant to § 1003.1(d)(6) for background checks required for alternative relief,” and no other substantive issues affecting the merits are pending, jurisdiction exists at that time to consider a petition for-review of the final order denying relief. Li, 656 F.3d at 904. In this case, Abdisalan had “a full and fair hearing of h[er] claims and a reasonable opportunity to present evidence on h[er] behalf.” Colmenar, 210 F.3d at 971. A final order of removal existed regarding the asylum claim following the BIA’s decision on November 25, 2008, triggering the thirty-day rule to petition for judicial review. She does not get a second or third bite at that *1130 apple now. Accordingly, her 2010 and 2011 petitions before us are untimely.
Petitions for review DISMISSED for lack of jurisdiction.

. Despite the dissent’s contention and the sympathetic facts of this case, our denial of review is not unjust. Because she cleared the background checks on every occasion, the IJ granted withholding of removal and Abdisa-lan will not be removed to Somalia. However, as we lack jurisdiction because of her untimeliness, the law restricts our ability to review the merits of her underlying asylum claim.

. Abdisalan’s original background clearance supporting the IJ's grant of withholding of removal had expired during the pendency of her appeal before the BIA. The Department of Homeland Security (DHS) has never challenged that grant.

. Abdisalan did not challenge the IJ’s denial of protection under CAT.

. Abdisalan petitioned for review of both the September 24, 2010, decision by the BIA and the March 28, 2011, decision by the IJ. Since the petitions were consolidated for our review, and neither appeal establishes jurisdiction over the defaulted asylum claim, we do not need to consider whether Abdisalan may appeal to us directly from an IJ’s decision. See Carlos-Blaza v. Holder, 611 F.3d 583, 587 n. 4 (9th Cir.2010).

. This limited scope of review following a remand for background checks has previously been recognized by the BIA. In In re Fabricio Alcantara-Perez, 23 I. & N. Dec. 882, 882 (B.I.A.2006), while on remand for a background check required for adjustment of status, authorities arrested Alcantara-Perez for domestic violence. The BIA held that the IJ had "discretion to determine whether to conduct an additional hearing to consider the new evidence before entering an order granting or denying relief.” Id. at 882. However, the Board observed that the regulations did not provide the parties “an opportunity to relitigate issues that were previously considered and decided.” Id. at 885 (emphasis added).

. Although we noted that Li's background checks concluded prior to assuming jurisdiction over the case, the completion of Li’s background checks was not a necessary requirement to establish our jurisdiction. Li, 656 F.3d at 900; Ortiz-Alfaro, 694 F.3d at 959. It was only further evidence of the finality of his removal order.