WATFORD, Circuit Judge,
dissenting:
I
Everyone appears to agree that petitioner Sama Abdisalan has a meritorious asylum claim. It would be hard to conclude otherwise, given what she has been through: enduring type-III female genital mutilation when she was three or four years old; witnessing the execution-style murder of her aunt and uncle by members of a rival clan at the outset of Somalia’s civil war when she was twelve or thirteen; and being held captive afterward by those same rival clan members for two or three weeks, an ordeal during which she was repeatedly raped and subjected to constant verbal and physical abuse.
Based on these facts, the immigration judge (IJ) granted Ms. Abdisalan withholding of removal, which means she necessarily established the well-founded fear of persecution required to qualify for asylum relief. See Khunaverdiants v. Muka-sey, 548 F.3d 760, 767 (9th Cir.2008). But the IJ and the Board of Immigration Appeals (BIA) denied Ms. Abdisalan’s asylum claim on the ground that her application was untimely. That ruling is unquestionably wrong; no one disputes that Ms. Ab-disalan arrived in the United States in either February or March of 2002, and under either scenario her March 28, 2002, application for asylum was timely. See id. at 765. We would ordinarily have jurisdiction to correct this error, since it turns on “application of law to undisputed facts.” Lin v. Holder, 610 F.3d 1093, 1096 (9th Cir.2010).
The majority holds that we lack jurisdiction to review the BIA’s erroneous ruling because the BIA’s November 2008 order denying Ms. Abdisalan’s asylum claim was a “final order of removal,” which triggered the mandatory 30-day deadline for seeking review-in our court. 8 U.S.C. § 1252(b)(1). In that same order, however, the BIA upheld Ms. Abdisalan’s claim for withholding of removal and remanded her case under 8 C.F.R. § 1003.1(d)(6) for completion of the background checks required under 8 C.F.R. § 1003.47. Ms. Abdisalan had no reason to believe in November 2008 that she could petition our court for review of the BIA’s order. The agency had taken the position—as it continues to do today— that orders in which it remands for completion of background checks are not final orders because administrative proceedings remain ongoing. See In re M-D-, 24 I. & N. Dec. 138, 141-42 (BIA 2007). The majority concludes that Ms. Abdisalan forfeited her right to obtain judicial review based primarily on a case—Li v. Holder, 656 F.3d 898 (9th Cir.2011)—not decided until almost three years after the deadline for seeking review of the November 2008 order had expired. Even if we ignore the unfairness of applying Li retroactively to Ms. Abdisalan, and simply analyze the majority’s holding on its own terms, that holding cannot be squared with the language of the controlling statute, the regulations governing remand orders of the sort at issue here, or the BIA’s own understanding of the finality of its orders.
The best place to start is with the language of the controlling statute, which defines when an order of removal becomes “final.” See 8 U.S.C. § 1101(a)(47). (The statute defines when an “order of deportation” becomes final, but it applies to removal orders as well. Singh v. Gonzales, 499 F.3d 969, 979 (9th Cir.2007).) Section 1101(a)(47) defines an “order of deportation” as an order by an IJ “concluding that the alien is deportable or ordering deportation.” • 8 U.S.C. § 1101(a)(47)(A). It then states that such an order “shall be *1131 come final upon the earlier of’ two events: (1) “a determination by the Board of Immigration Appeals affirming such order,” or (2) “the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals.” 8 U.S.C. § 1101(a)(47)(B).
Determining finality under this definition is easy when the IJ orders an alien deported (or removed) and the BIA then affirms the order. The language of § 1101(a)(47) is framed with that scenario foremost in mind. But what about the scenario we face in this case where, instead of ordering the alien removed, the IJ grants relief from removal on one ground, denies relief from removal on other grounds, and the BIA then upholds that order? Although the statutory language does not cover this scenario as neatly as the first, I think the most natural reading is that the IJ’s order becomes final when the BIA issues a “determination ... af7 firming such order.” 8 U.S,C. § 1101(a)(47)(B)(i). If the BIA .affirms the IJ’s order, thereby ending administrative proceedings, that is the logical point at which the right to judicial review is triggered.
Does the BIA’s November 2008 decision constitute a determination “affirming” the IJ’s order denying Ms. Abdisalan asylum but granting her withholding of removal? No. The answer is clear because, under the regulations governing this scenario, the BIA could not issue a decision affirming the IJ’s grant of withholding of removal in November 2008. At that point, the required background checks had not been completed, and Ms. Abdisalan was barred from receiving withholding of removal until that occurred. See 8 C.F.R. § 1003.47(b)(7), (g). As the regulations make clear, when the completion of background checks is necessary, the BIA “shall not issue a decision affirming” any relief from removal “that requires completion of identity, law enforcement, or security investigations or examinations.” 8 C.F.R. § 1003.1(d)(6)(i). Instead, the BIA must either remand the case to the IJ for completion of the required background checks, as the BIA did here, or issue an order stating that the appeal will be placed on hold until those background checks are completed. 8 C.F.R. § 1003.1(d)(6)(ii).
Construed in light of 8 U.S.C. § 1101(a)(47), this regulation forecloses any contention that the BIA’s November 2008 decision constituted a “final order of removal.” The BIA did not issue a determination “affirming” the IJ’s order of removal for the simple reason that it lacked the authority to do so. But if there were any doubt about the decision’s lack of finality, we have definitive guidance on that score from the agency that issued the regulations in question. The Executive Office for Immigration Review has unambiguously stated that when the BIA remands the case to the IJ for completion of background checks under 8 C.F.R. § 1003.1(d)(6), the BIA’s order is not final:
In any case that is remanded to the immigration judge pursuant to § 1003.1(d)(6), the Board’s order will be an order remanding the case and not a final decision, in order to allow DHS to complete or update the identity, law enforcement, and security investigations or examinations of the responderit(s). The immigration judge will then consider the results of the completed or updated investigations before issuing a decision granting or denying the relief sought.
Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals, 70 Fed.Reg. 4743, 4748 (Jan. 31, 2005) (emphasis added).
The majority describes remands under 8 C.F.R. § 1003.1(d)(6) as a procedural requirement during which nothing affecting *1132 the finality of the removal order may occur. Maj. op. at 1127. But that is contrary to the BIA’s own characterization of its procedures. The BIA has held that when it remands a case to the IJ. for completion of the required background checks, “no final order exists” and the IJ “reacquires jurisdiction over ,the proceedings.” In re M-D-, 24 I. & N. Dec. at 141; see also In re Alcantara-Perez, 23 I. & N. Dec. 882, 883-84 (BIA 2006). Because the remand is “treated as effective for all purposes,” the IJ may receive and consider additional evidence, without regard to the procedural limitations on filing a motion to reopen. In re M-D-, 24 I. & N. Dec. at 141-42 & n. 3. If the new evidence “is material, was not previously available, and could not have been discovered or presented at the former hearing,” the IJ may rely on it to reconsider forms of relief previously denied and to consider additional forms of relief not previously raised. Id. at 141-42. And, if the background checks reveal negative information, the IJ can of course deny forms of relief previously granted. Thus, whether an alien will be allowed to remain in the United States depends entirely on what the IJ decides on remand after receiving the results of the background checks and considering any new evidence submitted.
We owe deference to the agency’s views on finality unless they conflict with the plain language of the controlling statute. Cf. Ocampo v. Holder, 629 F.3d 923, 926-27 (9th Cir.2010). No such conflict exists here. In fact, the agency’s view—that orders remanding for completion of background checks are not “final”—is fully consistent with the ordinary meaning of that word. “Final” in this context generally refers to an order “ending a court action or proceeding leaving nothing further to be determined by the court or to be done except the administrative execution of the court’s finding but not precluding an appeal.” Webster’s Third New Int’l Dictionary 851 (2002). That is the way “final agency action” has been construed under the Administrative Procedure Act, where finality-(and thus the right to judicial review) is pegged to issuance of an order that “marks the consummation of the agency’s decisionmaking process.” Sack-ett v. EPA — U.S.-, 132 S.Ct. 1367, 1372, 182 L.Ed.2d 367 (2012) (internal quotation marks omitted). As discussed above, when the BIA remands for completion of background checks, administrative proceedings remain ongoing and the agency’s decisionmaking process is by no means consummated.
In light of the controlling statutory text and regulations, as well as the agency’s sensible position on the non-finality of the remand orders at issue, this should be an easy case to resolve. We should align ourselves with the Third Circuit and hold that the BIA’s November 2008 order remanding the case for completion of background checks was not a final order of removal. See Vakker v. Att’y Gen., 519 F.3d 143, 147 (3d Cir.2008). The only final order was the IJ’s March 2011 order granting Ms. Abdisalan withholding of removal following completion of the required background checks on remand. Since Ms. Abdisalan had already exhausted all administrative remedies available before the BIA, there was no need for her to make a return trip to that body. See 8 U.S.C. § 1252(d)(1); Carlos-Blaza v. Holder, 611 F.3d 583, 587 & n. 4 (9th Cir.2010) (exercising jurisdiction over direct petition for review from IJ’s removal order). The March 2011 order therefore became final upon expiration of the period in which Ms. Abdisalan was permitted to seek review by the BIA. See 8 U.S.C. § 1101(a)(47)(B)(ii). Ms. Abdisalan filed a timely petition for review in our court from the March 2011 order, and we have jurisdiction to address all properly exhausted issues-subsumed within that order, including the denial of *1133 her asylum claim. See 8 U.S.C. § 1252(b)(9); Go v. Holder, 640 F.3d 1047, 1051-52 (9th Cir.2011).
II
The majority concludes that the analysis sketched out above is foreclosed by our decision in Li v. Holder; 656 F.3d 898 (9th Cir.2011). I might have agreed had our court not subsequently limited Li to its facts in Ortiz-Alfaro v. Holder, 694 F.3d 955 (9th Cir.2012).
In Li, the BIA upheld an IJ’s decision denying the petitioner asylum but granting withholding of removal and relief under the Convention Against Torture (CAT). As in this case, the BIA remanded under 8 C.F.R. § 1003.1(d)(6) for completion of the required background checks. Li, 656 F.3d at 899. We acknowledged that “[t]he BIA’s order remanding the case is not a final order.” Id. at 902. But we nonetheless held that we had jurisdiction to review the portion of the order that denied Li’s asylum claim, since that claim was not the subject of the remand and there was nothing left for the BIA to consider with respect to that claim. Id. at 904.[1]
In Ortiz-Alfaro, 694 F.3d at 959, we noted that Li’s holding is in considerable tension with Go v. Holder, 640 F.3d 1047 (9th Cir.2011). In Go, the BIA upheld the IJ’s denial of asylum and withholding of removal in 2005, but remanded for consideration of Go’s CAT claim. On remand, the IJ rejected Go’s CAT claim and the BIA affirmed that ruling in 2006. We held that the BIA’s 2005 decision was not a final order of removal. Id. at 1051. To be sure, the 2005 decision was “final” with respect to Go’s asylum and withholding of removal claims; as in Li, there was nothing left for the BIA to consider with respect to those claims, and they were not the subject of the remand. But we held that no final order of removal existed at that point because administrative proceedings regarding the CAT claim were ongoing. Id. Go’s order of removal did not become final until 2006, the point at which the BIA had rejected all of his claims for relief. Id. at 1052.
As we put it in Ortiz-Alfaro, “Go appears to be at odds with Li because Go held that there was no final removal order until all forms of relief were denied while Li held that the final removal order was not contingent on the denial of all forms of relief.” Ortiz-Alfaro, 694 F.3d at 959. We resolved that tension by limiting Li to its facts. We noted that in Li, by the time this court exercised jurisdiction to review Li’s claims,’ “all administrative proceedings had concluded”—the Department of Homeland Security had completed the required background checks and the IJ on remand had entered a final order granting Li withholding of removal. Id. We relied on that limitation of Li in Ortiz-Alfaro, where we held that a reinstated removal order was not final because administrative proceedings regarding Ortiz’s eligibility for withholding of removal were ongoing. Id. at 958-59. Even though Ortiz sought to challenge the validity of the reinstatement order, which was not at issue in the ongoing administrative proceedings, we held that we lacked jurisdiction “[a]s long as *1134 administrative proceedings are ongoing in Ortiz’s case.” Id. at 959.
That should likewise be our conclusion here. The BIA’s November 2008 remand order was not a final order of removal because administrative proceedings were ongoing in Ms. Abdisalan’s case. The majority’s notion that finality can be analyzed on a claim-by-claim basis—with the ruling on Ms. Abdisalan’s asylum claim being treated as final in 2008 while administrative proceedings regarding her withholding of removal claim were ongoing—does not survive Orbiz-Alfaro. That is no great loss. As Li itself acknowledged, analyzing finality claim by claim would breed piecemeal litigation, requiring separate petitions for review from the “denials of relief that flow from the results of background checks.” Li, 656 F.3d at 904. In Li, that would have meant one petition to review the denial of the asylum claim and, had the background checks resulted in a denial of withholding of removal and CAT relief, a second petition to review those claims. Contrary to the majority’s suggestion, see Maj. op. at 1129, that mode of analysis does nothing to further the interest in judicial economy.
Under Orbiz-Alfaro, the BIA’s November 2008 decision in this case was not a final order of removal. That order was undoubtedly “final” with respect to Ms. Abdisalan’s asylum claim. But administrative proceedings regarding Ms. Abdisalan’s eligibility for withholding of removal were ongoing at that point, and those proceedings did not conclude until the required background checks were completed. The Id’s March 2011 order granting Ms. Abdi-salan withholding of removal is the “final order of removal” in this case. 8 U.S.C. § 1252(b)(1). We have jurisdiction over her timely filed petition for review from that order, and we should exercise it to correct the BIA’s erroneous ruling declaring her asylum application time-barred.
Ill
If we conceive of law “as the effort of reason to discover justice,” Felix Frankfurter, Judge Learned Hand, 60 Harv. L.Rev. 325, 326 (1947), the majority’s opinion must be ranked as a failure of that enterprise. The rule the majority invokes to dismiss this appeal is not supported by reason, and it most certainly does not advance the discovery of justice, whether in this or any similar case.

. The court justified this holding, following the Seventh Circuit's lead in Viracacha v. Mukasey, 518 F.3d 511, 513 (7th Cir.2008), based on the mistaken assumption that a petitioner whose background checks did not reveal any new information could not appeal the IJ's final order on remand. Li, 656 F.3d . at 902, 904. That assumption was mistaken because a petitioner in those circumstances, while precluded from appealing again to the BIA, could seek review in our court by directly petitioning for review of the IJ's order, which would encompass all issues decided earlier by the BIA. See 8 U.S.C. § 1252(b)(9); Carlos-Blaza, 611 F.3d’at 587 & n. 4; Vakker, 519 F.3d at 148.